# United States Court of Appeals
## For the First Circuit

———————————

No. 00-1771

MARK SAAKIAN,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

———————————

PETITION FOR REVIEW OF A DECISION OF THE
BOARD OF IMMIGRATION APPEALS

———————————

Before

Torruella, <u>Chief Judge</u>,
Stahl, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

———————————

<u>Christopher W. Drinan</u>, with whom <u>John K. Dvorak</u> was on brief, for petitioner.
<u>Thankful T. Vanderstar</u>, Attorney, with whom <u>David W. Ogden</u>, Assistant Attorney General, and <u>Terri J. Scadron</u>, Senior Litigation Counsel, were on brief, for respondent.

———————————

June 5, 2001

———————————

**STAHL, <u>Senior Circuit Judge</u>**.  After being ordered deported <u>in</u> <u>absentia</u>, petitioner Saakian filed with the Immigration Judge (IJ) a motion to reopen on the basis of ineffective assistance of counsel.  The IJ denied his motion, and Saakian timely appealed that decision to the Board of Immigration Appeals (BIA), which dismissed his appeal.  Saakian petitions us to review the BIA's dismissal, contending that he was denied procedural due process.  We agree and grant the petition.

## I. BACKGROUND

Saakian, a native and citizen of Armenia, entered the United States on November 13, 1993, as a non-immigrant visitor for pleasure.  He was accompanied by his father and stepmother.  The family's visas authorized them to remain in the United States until May 12, 1994.  On January 12, 1994, Saakian's father applied for asylum on behalf of the three of them.  The record is silent as to the disposition of this application.

On June 26, 1996, Saakian filed his own individual request for asylum, about which he was interviewed by the Immigration and Naturalization Service (INS) on September 17, 1996.  His request was denied on September 30, 1996, and an Order to Show Cause issued, stating that Saakian was deportable because he had stayed in the United States beyond the time

-3-

allowed by his visa. This Order was served on Saakian on October 16, 1996, and it directed him to appear before an IJ on November 20, 1996. When Saakian appeared on that date, he was told to return for a full hearing on March 19, 1997.

Saakian thereafter retained Connie Frentzos, of the Khmer Humanitarian Organization in Los Angeles, to represent him in the proceeding. Frentzos is not an attorney, though Saakian alleges that he believed that she was one at the time he retained her. Despite her non-attorney status, Frentzos is authorized by the Executive Office for Immigration Review to represent aliens in deportation proceedings. On March 4, 1997, Frentzos filed a motion to change venue from Boston to Los Angeles because Saakian intended to relocate there. According to Saakian, Frentzos thereafter advised him that the motion rendered it unnecessary for him to appear at the March 19 hearing. Saakian, allegedly acting on this advice, did not appear at the hearing. The IJ subsequently ordered him deported in absentia.

On April 18, 1997, Saakian filed with the IJ a motion to reopen, stating that his failure to appear was caused by his belief that he did not have to show up because of the pending motion to change venue. He filed this motion pro se, near the beginning of the 180-day period provided by law for filing such

-4-

a motion.  8 C.F.R. § 3.23(b)(4)(iii)(A)(1).  The INS filed its opposition to this motion on April 25, 1997, arguing that the motion to change venue did not excuse Saakian's absence.  On April 28, 1997, only ten days after Saakian had filed his motion, he filed a supporting affidavit, in which he stated that his erroneous belief was the result of bad advice from Frentzos, who had told him not to appear.  He did not specifically allege "ineffective assistance of counsel" at this stage, but he did allege facts which, if true, could be defined as ineffective assistance.

On June 19, 1997, the IJ denied Saakian's motion to reopen.  In that order, the IJ construed Saakian's claim as one of ineffective assistance of counsel, and proceeded to note that only one of the three evidentiary requirements for such claims, as set forth in <u>Matter of Lozada</u>, 19 I. & N. Dec. 637, 639 (BIA 1988), had been met by Saakian.  Although Saakian had filed his motion <u>pro</u> <u>se</u>, and was well within the 180-day window for filing motions to reopen, the IJ did not give him an opportunity to satisfy the other two <u>Lozada</u> requirements.  Instead, he denied the motion in language suggesting that Saakian was foreclosed from remedying the deficiencies in his motion.

Saakian timely appealed to the BIA.  In his appellate papers Saakian requested, and was granted, additional time to

retain an attorney before briefing the appeal.[1]  The appeal alleged, <u>inter alia</u>, that the IJ's <u>de facto</u> denial with prejudice of his motion to reopen deprived him of due process under the circumstances of this case.  Along with his appellate brief, counsel submitted to the BIA the remaining documents required by <u>Lozada</u>.[2]

On May 26, 2000, the BIA dismissed Saakian's appeal. It noted that, because Saakian had not met all three <u>Lozada</u> requirements when he initially filed his motion to reopen, the IJ had properly denied it.  The BIA did not address Saakian's due process claim on the merits.  Saakian now petitions us to review the BIA's decision.

## II. DISCUSSION

In his petition, Saakian argues that, under the facts of this case, the IJ and BIA denied him due process by denying his  motion to reopen with prejudice.  In Saakian's view, due process required that he be afforded the opportunity to satisfy

---

[1]In addition to his direct appeal of the IJ's denial of his motion to reopen, Saakian also filed two separate motions to remand, both of which were denied in the same BIA order.  He petitions us to review these denials, but they are rendered moot by our determination regarding his primary claim.

[2]The BIA permits such record supplementation in <u>Lozada</u> appeals. <u>See, e.g.</u>, <u>In re B-B-</u>, Interim Decision #3367, 1998 WL 694640 (BIA 1998); <u>In re Rivera-Claros</u>, 21 I. & N. Dec. 599 (BIA 1996); <u>In re Grijalva-Barrera</u>, 21 I. & N. Dec. 472 (BIA 1996).

the  Lozada requirements and have his ineffective assistance claim heard on the merits.  We agree.

Deportation is a civil, not a criminal, proceeding; as such, there is no Sixth Amendment right to counsel.  Hernandez v. Reno, 238 F.3d 50, 55 (1st Cir. 2001).  Nonetheless, "[i]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings."  Reno v. Flores, 507 U.S. 292, 306 (1993) (citing The Japanese Immigrant Case, 189 U.S. 86, 100-101 (1903)); see also Gebremichael v. INS, 10 F.3d 28, 38 (1st Cir. 1993) ("It is well settled that an alien in a deportation proceeding is entitled to procedural due process.").

In Bridges v. Wixon, the Supreme Court emphasized the importance of strictly protecting an alien's right to procedural due process:

> Here the liberty of an individual is at stake.  .  .  .  We are dealing here with procedural requirements prescribed for the protection of the alien.  Though deportation is not technically a criminal proceeding, it visits a great hardship on the individual and deprives him of the right to stay and live and work in this land of freedom.  That deportation is a penalty--at times a most serious one--cannot be doubted.  Meticulous care must be exercised lest the procedure by which he is deprived of that liberty not meet the essential standards of fairness.

326 U.S. 135, 154 (1945).

Aliens have a statutory right to be represented by counsel, at their own expense, in deportation proceedings. 8 U.S.C. § 1362 (1994). That right is "an integral part of the procedural due process to which the alien is entitled." Batanic v. INS, 12 F.3d 662, 667 (7th Cir. 1993) (internal quotation marks omitted). Ineffective assistance of counsel exists where, as a result of counsel's actions (or lack thereof), "the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Bernal-Vallejo v. INS, 195 F.3d 56, 63 (1st Cir. 1999). It is generally also expected that the alien show at least a reasonable probability of prejudice. Id. at 64; Hernandez, 238 F.3d at 56. The BIA has held, however, that the prejudice requirement does not apply in cases where an order was issued on the basis of a hearing held in absentia. In re Grijalva-Barrera, 21 I. & N. Dec. 472, 473 n.2 (BIA 1996).

As a procedural matter, a claim of ineffective assistance of counsel is typically raised through a motion to reopen, which can be brought before either the BIA or the IJ directly. The rules of procedure that govern such motions are found at 8 C.F.R. § 3.2 for the BIA, and at 8 C.F.R. § 3.23 for the Immigration Court. Because Saakian filed his motion to reopen directly with the IJ, we look to § 3.23 for guidance. As

we have noted, where an order has been entered against the alien in absentia, the alien has 180 days from that order to file any motions to reopen, assuming the alien can demonstrate that the failure to appear was caused by exceptional circumstances beyond his control. 8 C.F.R. § 3.23(b)(4)(iii)(A)(1).[3] The BIA has stated that incompetent representation qualifies as an "exceptional circumstance." In re Grijalva-Barrera, 21 I.& N. Dec. 472 (BIA 1996). Moreover, there is no numerical limit on the number of motions to reopen an alien may file pursuant to this provision. 8 C.F.R. § 3.23(b)(4)(iii)(D). Saakian thus was entitled to file multiple motions to reopen during the 180-day period.

As to the contents of a motion to reopen, the regulation requires that the motion "state the new facts that will be proven at a hearing to be held if the motion is granted and . . . be supported by affidavits and other evidentiary material." 8 C.F.R. § 3.23(b)(3). "Claims of ineffective assistance of counsel satisfy the general requirement that motions to reopen present 'new facts' that are 'material and

---

[3]We note that the regulations are far more lenient in cases where the deportation order was entered in absentia. Otherwise, barring new and compelling reasons for asylum, aliens may file only one motion to reopen with the Immigration Court, and must do so within 90 days of the deportation order. 8 C.F.R. § 3.23(b)(1).

[were] not available and could not have been discovered or presented at the former hearing.'" Iavorski v. INS, 232 F.3d 124, 129 (2d Cir. 2000) (quoting 8 C.F.R. § 3.23(b)(3)) (brackets in original).

In Matter of Lozada, the BIA specified the documents an alien is expected to file with a motion to reopen founded upon ineffective assistance of counsel. 19 I. & N. Dec. 637, 639 (BIA 1988). There, the BIA stated that when an alien makes such a claim to the Board, the motion should be supported by 1) an affidavit setting forth "in detail the agreement that was entered into with former counsel with respect to the actions to be taken," as well as any representations made by counsel to the alien; 2) proof that the movant has informed former counsel of the allegations in writing, as well as any response received; and 3) a statement detailing "whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." Id.

The BIA's most comprehensive explanation of its expectations under Lozada may be found in In re Rivera-Claros, 21 I. & N. Dec. 599, 603-05 (BIA 1996). There, the Board indicated that the particular materials it requested in Lozada usually provide it with all that it needs to make its determination regarding the credibility of an alien's assertions

-10-

against his prior counsel. Id. at 604-05. The three requirements are primarily designed to provide the Board with enough information to inform its decision without the need of a hearing. Id. at 603. In the Board's view, false claims will be identified either by the counsel's response to notification (such as by an affidavit denying the allegations), or by an alien's insufficiently explained refusal to file a formal complaint against that counsel. Id. at 603. These requirements, especially that of filing a complaint, "greatly lessen[] the chances of collusion and of meritless claims being brought forward for the purposes of delay," thus making it easier for the Board to act on such motions. Id. at 604-05. In Saakian's case, despite that the Board had all the materials it has held most important in determining the credibility of claims of ineffective assistance of counsel, it chose not to consider them.

We have not had occasion to decide whether a failure to satisfy the Lozada requirements in an initial motion to reopen justifies a denial of the motion with prejudice to its being subsequently refiled. But the Ninth Circuit has consistently held that, "[a]lthough the BIA acts within its discretion to impose the heightened Lozada procedural requirements, it may not impose the Lozada requirements

arbitrarily." Ontiveros-Lopez v. INS, 213 F.3d 1121, 1124-25 (9th Cir. 2000) (internal citations omitted); see also Castillo-Perez v. INS, 212 F.3d 518, 525-27 (9th Cir. 2000); Escobar-Grijalva v. INS, 206 F.3d 1331, 1335 (9th Cir. 2000). We agree. Furthermore, we regard this as a case involving an arbitrary application of Lozada.

As we have noted, Saakian filed his Lozada-deficient motion a mere one month into the 180-day period provided for filing a motion to reopen an in absentia deportation order. Despite this fact, and despite Saakian's pro se status, the IJ denied the motion without either inviting Saakian to remedy its deficiencies or noting Saakian's entitlement to file a second, properly supported motion. Cf. In re Rivera-Claros, 21 I & N Dec. 599, 607 n.5 (BIA 1996) (finding an alien's Lozada submission deficient but explicitly observing that "our ruling does not foreclose the [alien's] filing of a supplemental motion that satisfies all the requirements of Matter of Lozada"). Moreover, in ruling as he did, the IJ actually used language seeming to suggest that, by filing a deficient motion, Saakian had lost his one and only opportunity to allege ineffective assistance of counsel. Elevating form over substance, the BIA then upheld this course of conduct without analysis. As a result, Saakian's ineffective assistance of counsel claim has

-12-

not been examined, despite Saakian's persistent efforts to have it heard. This violates due process. See Ontiveros-Lopez, 213 F.3d at 1124-25.

In so concluding, we note that the BIA's actions in this case are inconsistent with its actions in cases with similar facts. For example, in In re Grijalva-Barrera, 21 I. & N. Dec. 472 (BIA 1996), an alien who had been deported in absentia filed a motion to reopen alleging that he had failed to appear as a result of "the misdirection of his counsel." Id. at 473. The IJ denied the motion, and the alien appealed to the BIA, alleging ineffective assistance of counsel. Id. Specifically, the alien stated that an employee of his prior attorney had called him on the morning of his deportation hearing and told him that he should not appear because there had been a continuance. Id. In his appeal to the BIA, the alien satisfied all three Lozada requirements. Id. at 474. The BIA found "that the [alien] ha[d] established sufficient grounds for reopening [the] proceedings," because he had "made a convincing claim of ineffective assistance by his former counsel." Id. at 473-74. The BIA's reasoning was "that the respondent, who had no reason not to rely on his counsel at this juncture, was blatantly misled regarding his need to appear at the scheduled hearing." Id. at 474. On this basis, the BIA sustained the

-13-

appeal and remanded to the IJ for further proceedings. Id. Thus, in similar circumstances, the alien not only had his appeal heard on the merits, but he was successful.

The Board's action here also stands in stark contrast to its action in In re B-B-, Interim Decision #3367, 1998 WL 694640 (BIA 1998). There, the aliens had filed a motion to reopen with the IJ "alleging that prior counsel wrongfully dissuaded them from applying for asylum and charging her with ineffective assistance of counsel." Id. at 1-2. There, as here, the IJ denied the motion due to lack of compliance with the Lozada requirements. Id. at 2. The aliens appealed to the BIA and, like Saakian, "submitted additional documentation in an effort to comply with the Lozada requirements . . . ." Id. The BIA reviewed these new materials and rejected the aliens' appeal, disagreeing that the conduct alleged constituted ineffective assistance of counsel. Id. at 3-4. But unlike this case, the Board acted on the merits of the aliens' claim. Id.

Finally, in In re Rivera-Claros, 21 I. & N. Dec. 599 (BIA 1996), the BIA dismissed an appeal from an IJ's denial of a motion to reopen an in absentia deportation order alleging ineffective assistance of counsel. The Board ruled as it did because the alien had failed satisfactorily to meet the Lozada requirements at both administrative levels. Id. at 606-07. In

-14-

reaching this result, however, the Board explicitly stated the following:

> We note that the [alien]'s motion met the 180-day time limit for "exceptional circumstances" motions imposed by section 242B(c)(3)(A) of the Act. We need not now address whether the [alien] may satisfy the remainder of the statutory requirements by virtue of information submitted outside the 180-day period. In other words, our ruling does not foreclose the [alien]'s filing of a supplemental motion that satisfies all the requirements of <u>Matter of Lozada</u> . . . .

<u>Id.</u> at 607 n.5.

Here, the BIA did not analyze the merits of Saakian's claim based on the <u>Lozada</u> materials he had submitted, even though he was entitled, as an <u>in absentia</u> deportee, to more than one bite at the apple. 8 C.F.R. § 3.23(b)(4)(iii)(D). The BIA's refusal to consider his newly formed <u>Lozada</u> claim was also despite the fact that Saakian had not been provided with an adequate opportunity to fulfill <u>Lozada</u>'s requirements with the IJ. As a result, Saakian did what he was supposed to do in order to be heard on the merits (prepared an affidavit, notified Frentzos, and filed complaints against her), but, nonetheless, his claim never was heard on the merits.

### III. CONCLUSION

For the reasons stated, we GRANT Saakian's petition for review, and REMAND to the BIA for further proceedings consistent with this opinion.

**<u>So ordered.</u>**