Luvimin **PERALTA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 01–1144.

United States Court of Appeals, Seventh Circuit.

Argued Aug. 8, 2001.

Decided Oct. 1, 2001.

---

*di v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Before Hon. KENNETH F. RIPPLE, Circuit Judge, Hon. DANIEL A. MANION, Hon. ILANA DIAMOND ROVNER, Circuit Judges.

## ORDER

Mr. Luvimin Peralta, a native and citizen of the Philippines, seeks review of the Board of Immigration Appeals' ("BIA") decision to deny his motion to reopen deportation proceedings. The BIA denied the motion due to Peralta's failure to file it pursuant to 8 C.F.R. § 3.2(c)(2) within 90 days of a final administrative decision. He claims that his former counsel's ineffective assistance should equitably toll the 90-day

statute of limitations period. Because Peralta failed to exhaust his administrative remedies with respect to this argument, we affirm the BIA's decision.

## A. BACKGROUND

Peralta entered the United States in July 1990 as a non-immigrant visitor authorized to stay in the country until January 21, 1991. He remained in this country after the authorization period ended and, in 1992, applied for asylum prior to deportation proceedings. Peralta's initial asylum application was denied. In April 1996, the INS issued an Order to Show Cause and Notice of Hearing charging him with deportability and a deportation hearing was held in December 1996. Peralta, who was represented by counsel, conceded deportability and applied for asylum and withholding of deportation. His asylum claim was based on death threats he had received from guerrilla organizations in the Philippines due to his former membership with a Filipino group called the Nature Badgers, a pro-government ecological and military training organization. The immigration judge ("IJ") denied Peralta's application for asylum, granted his request for voluntary departure, and, alternatively, ordered that he be deported to the Philippines.

After retaining a different attorney, Peralta appealed the IJ's decision to the BIA. On November 9, 1998, however, the BIA summarily dismissed the appeal pursuant to 8 C.F.R. § 3.1(d)(1–a)(i)(A), explaining that the statements of claimed error in Peralta's notice of appeal "are general in nature and require this Board to speculate as to the error which the respondent believes was committed by the Immigration Judge in denying the application for asylum." Alternatively, the BIA concluded that the appeal should be summarily dismissed because Peralta failed to submit a

separate written brief despite having earlier notified the BIA that he would file such a brief. The BIA also explained that it had granted Peralta a six-week extension to file a brief.

On February 19, 1999, Peralta, through his newly appointed (third) counsel, submitted a motion to reopen based on Thaxton's alleged ineffectiveness for failing to submit a brief. This motion was untimely because under 8 C.F.R. § 3.2(c), a motion to reopen must be filed within 90 days of a final administrative decision, and Peralta exceeded that deadline by 11 days. In the motion, however, Peralta neither recognized that the motion to reopen was filed more than 90 days after the summary dismissal nor argued that the 90–day deadline should be equitably tolled. He did note that on January 20, 1999, he received the INS's "bag and baggage" letter notifying him of deportation and the BIA's summary dismissal. The BIA denied Peralta's motion to reopen as untimely filed, explaining that Peralta had not argued "that the ineffective assistance of his previous attorney prevented him from filing the motion to reopen on time, and therefore, would be a basis for an exception to the 90–day deadline for filing a motion to reopen."

Peralta then filed this petition for review of the BIA's decision to deny the motion to reopen. Jurisdiction to review the petition arises under the Immigration and Nationality Act ("INA") § 106, 8 U.S.C. § 1105(a). *Ahmad v. INS*, 163 F.3d 457, 459 (7th Cir.1999). Although the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996) ("IIRIRA"), repealed this provision, deportation proceedings were commenced before the Act's effective date, while the final order of deportation was entered more than 30 days after the IIRIRA's enactment. Therefore, § 1105(a), amended by IIRIRA's transitional rules for judicial review, continues to govern this court's jurisdiction over petitions to review BIA decisions, including the timeliness of filing an appeal. *See* IIRIRA §§ 309(c)(1) and (c)(4). According to those rules, Peralta filed a timely petition for review from the BIA's decision. IIRIRA § 309(c)(4)(C).

## B. ANALYSIS

Preliminarily, we note that this court has yet to address whether the 90–day deadline for filing motions to reopen pursuant to 8 C.F.R. § 3.2 is jurisdictional and mandatory or non-jurisdictional and thus subject to equitable tolling.[1] We need not decide this question today, however, because Peralta has not exhausted his administrative remedies with respect to the equitable tolling issue. Although Peralta filed his motion to reopen 11 days after the deadline expired, he did not ask the BIA to equitably toll the deadline, request an extension, or even acknowledge that the motion was late.[2] Nor did Peralta present

---

1. The Second and Ninth Circuits have both concluded that a filing deadline for a motion to reopen is not jurisdictional and may be equitably tolled. *See Iavorski v. INS*, 232 F.3d 124 (2d Cir.2000); *Varela v. INS*, 204 F.3d 1237 (9th Cir.2000).

2. For the first time at oral argument, Peralta's current counsel contended that it would have been impossible for Peralta to file a timely motion to reopen. He reasoned that Peralta did not have adequate time before the dead-

line expired (in about 12 days) to gather the materials the BIA requires an alien to submit pursuant to *Matter of Lozada*, 19 I & N Dec. 637(BIA), 1988 WL 235454, *aff'd* 857 F.2d 10 (1st Cir.1988), in order to support an ineffective assistance of counsel claim. According to counsel, no INS regulation allows supplementation of the required documentation to an incomplete, yet timely, motion to reopen. BIA precedent, however, supports the conclusion that the BIA will accept the *Lozada* mate-

the equitable tolling argument to the BIA in a motion to reconsider filed pursuant to 8 C.F.R. 32(b). 8 U.S.C. § 1105a(c), however, requires Peralta to exhaust his administrative remedies, and "an alien who fails to raise an issue before the Board has not fulfilled this exhaustion requirement." *Mojsilovic v. INS*, 156 F.3d 743, 748 (7th Cir.1998). Allowing the BIA to address Peralta's tolling argument first avoids "any premature interference with the agency's processes and, in addition to affording the parties and courts the benefit of the agency's expertise, it will compile a record which is adequate for judicial review." *Castaneda–Suarez v. INS*, 993 F.2d 142, 145 (7th Cir.1993) (citation and internal quotations omitted). Because Peralta failed to present his equitable tolling argument to the BIA despite having opportunities to do so either in his motion to reopen or in a motion to reconsider, the equitable tolling argument is not properly before this court.

Furthermore, under 8 U.S.C. § 1105a(a)(4)—which, although repealed, still applies to transitional rule cases, *see* IIRIRA §§ 309(c)(1) and (4)—a petition for review "shall' be determined solely upon the administrative record upon which the deportation order is based." The justifications Peralta offered in his brief and at oral argument for his failure to comply with the 90–day deadline are not part of the administrative record, and so we cannot review them. *See Gonzalez v. INS*, 77 F.3d 1015, 1021 (7th Cir.1996). Nor are we permitted to remand the case to the BIA to consider, for the first time, Peralta's tolling argument. Before IIRIRA, federal appeals courts relied on 28 U.S.C.

§ 2347(c) as the statutory basis to remand immigration cases so that new non-record evidence could be considered by the BIA. *See Al Najjar v. Ashcroft*, Nos. 99–14391 and 99–14807, 2001 WL 811630, at *8–9 (11th Cir. July 18, 2001). Section 2347(c) provides that a federal court of appeals may order an agency to consider additional evidence not contained in the administrative record if the evidence is material and "there were reasonable grounds for failure to adduce the evidence before the agency." 28 U.S.C. § 2347(c). Under IIRIRA § 309(c), however, appellate courts may no longer use § 2347(c) to remand cases to the BIA for additional factfinding. *See* IIRIRA § 309(c)(4)(B); *see also Altawil v. INS*, 179 F.3d 791, 792–93 (9th Cir.1999) (denying motion to remand and take additional evidence because under 309(c)(4)(B), court of appeals cannot order BIA to take additional evidence under § 2347); *Kratchmarov v. Heston*, 172 F.3d 551, 554 n. 4 (8th Cir.1999) (citing § 1105a(a)(4) and § 309(c)(4)(B) for proposition that appellate court review is limited to materials contained in administrative record).

Accordingly, because Peralta failed to administratively exhaust his equitable tolling argument, we AFFIRM the BIA's denial of his motion to reopen as untimely.

---

rials as a supplement to an already filed motion to reopen after the deadline has expired. In *In re Rivera–Claros*, Interim Decision 3296 n. 5, 1996 WL 580694 (BIA 1996), the BIA stated that after filing a timely motion to reopen, an alien was not foreclosed from fil-

ing a supplemental motion that complies with the *Lozada* requirements. *Cf. Saakian v. INS*, 252 F.3d 21, 26 (1st Cir.2001) (citing *In re Rivera–Claros* for proposition that post-deadline supplemental motions complying with *Lozada* not foreclosed).