

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2005

# Rosal-Olavarrieta v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2408

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Rosal-Olavarrieta v. Atty Gen USA" (2005). *2005 Decisions.* Paper 989.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/989

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2408

RANDOLPH ROSAL-OLAVARRIETA,
                                         Petitioner

v.

*ALBERTO R. GONZALES,
Attorney General of the United States,
                                         Respondent

(*Substituted pursuant to Rule 43(c), Fed. R. App. P.)

On Petition for Review of a Decision and Order of the
Board of Immigration Appeals
(BIA No. A79-086-717)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2005

Before:  SCIRICA, *Chief Judge*, ALITO and RENDELL, *Circuit Judges*

(Filed June 20, 2005)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioner Randolph Rosal-Olavarrieta alleges ineffective assistance of counsel during immigration removal proceedings in violation of due process. The BIA concluded Petitioner received a full and fair opportunity to develop his claims for asylum, withholding of removal and deferral of removal. Accordingly, the Board denied relief on the merits. We have jurisdiction under 8 U.S.C. § 1252 and will affirm.

## I.

Because we write for the parties, an abbreviated recitation of the facts will suffice. Petitioner, a citizen of Venezuela, entered the United States in 1999 by way of a six-month tourist visa. He overstayed the visa, and was detained by the INS.[1] In removal proceedings before an Immigration Judge, Petitioner conceded removability but requested asylum and withholding of removal under the Immigration and Nationality Act, and deferral of removal under the Convention Against Torture. *See Wang v. Gonzales*, 405 F.3d 134 (3d Cir. 2005) (discussing asylum, withholding of removal, and the Convention Against Torture). An HIV-positive homosexual man, Petitioner claimed a well-founded fear of sexual-orientation persecution and/or torture upon his return to Venezuela.

With the assistance of counsel, Petitioner submitted an asylum application prior to his removal hearing. It included an eleven-page (single-spaced) declaration outlining

---

[1] Beginning on March 1, 2003, INS became a part of the Department of Homeland Security pursuant to the *Homeland Security Act of 2002*, Pub. L. No. 107-296, 110 Stat. 2135 (Nov. 25, 2002).

Petitioner's asserted grounds for relief. At the subsequent merits hearing, Petitioner testified as to incidents of past sexual-orientation harassment and discrimination in Venezuela and incidents of alleged extortion by the Venezuelan police. Petitioner also emphasized the inadequacy of HIV/AIDS medical treatment in his home country. Apparently dissatisfied with the information elicited during counsel's direct examination, the Immigration Judge proceeded to question Petitioner directly, asking, among other things, "What do you think will happen to you if you return to Venezuela?" As recounted in the BIA opinion, Petitioner answered that he would receive inadequate medical treatment, but did not mention a fear of persecution or torture by the Venezuelan police.

The Immigration Judge denied relief. Although the IJ credited much of Petitioner's testimony, he found that Petitioner "exaggerated" the incidents of past persecution by the Venezuelan police. The IJ refused to credit this testimony and accordingly denied asylum and withholding of removal. *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002) (explaining that past persecution is cognizable only when attributable to either the government or parties the government is unable or unwilling to control). Furthermore, in light of Petitioner's failure to describe past incidents of torture, the IJ denied relief under the Convention Against Torture.

Petitioner appealed to the BIA. Represented by new counsel, Petitioner sought to introduce supplemental evidence before the Board and requested a remand to the IJ based on the purported ineffective assistance of trial counsel. The Board refused to consider the

3

supplemental evidence or to remand the case, concluding Petitioner had received ample opportunity to develop his claims at trial, notwithstanding counsel's "obvious difficulties" in communicating with her client and counsel's "personal problems that may have affected her presentation of the respondent's case." The Board acknowledged that counsel's representation was less than optimal, but emphasized Petitioner's opportunity to proffer direct testimony of past persecution in both his written asylum application and in response to direct examination by the Immigration Judge. In light of the IJ's adverse credibility finding, and the vague nature of Petitioner's claims of past police persecution, the Board dismissed the appeal on the merits.

**II.**

This petition for review does not challenge the Board's merits determination, but rather seeks a remand on the basis of ineffective assistance of counsel. Ineffective assistance can be established in immigration matters where counsel's representation (or lack thereof) results in a fundamentally unfair proceeding. *Borges v. Gonzales*, 402 F.3d 398, 408 (3d Cir. 2005). To establish fundamental unfairness, the alien must demonstrate prejudice—i.e., a reasonable probability of a different outcome had counsel performed effectively. *Saakian v. INS*, 252 F.3d 21, 25 (1st Cir. 2001); *Fischetti v. Johnson*, 384 F.3d 140, 155 (3d Cir. 2004) (explaining prejudice analysis in habeas context). Petitioner has not satisfied this burden.

4

Petitioner's ineffective assistance claim is two-pronged. First, Petitioner contends his written asylum application should have included additional information relevant to his claims of persecution by the Venezuelan police. Petitioner blames trial counsel for not properly explaining the legal requirements for asylum/withholding of removal, and for not tailoring the application accordingly. Second, Petitioner contends counsel failed to adequately prepare him for the merits hearing before the IJ and failed to provide competent direct examination.

But the BIA found that Petitioner did, in fact, allege persecution by the Venezuelan police in his written application and did, in fact, testify as to these incidents at the hearing. Trial counsel's representation, whatever its defects, did not bar Petitioner from airing his claims of past police persecution before the IJ. As emphasized by the BIA, Petitioner testified that he had been "stopped by the police many times and forced to pay a bribe or the police would put him in detention with other prisoners." The IJ, however, found these claims to be "exaggerated" and refused to credit them. Furthermore, when the IJ queried Petitioner regarding his return to Venezuela, Petitioner expressed anxiety over whether he would receive adequate medical care, but not fear of persecution at the hands of the police. Based on Petitioner's testimony, and the adverse credibility finding of the IJ, the BIA concluded Petitioner had an adequate opportunity to develop his allegations of persecution but had failed to do so. Accordingly, the Board refused to consider Petitioner's supplemental evidence and refused to remand to the IJ for

5

another hearing.  We see neither legal error nor prejudice in this determination, and therefore no due process violation.

The BIA expressly recognized that trial counsel's performance was less than optimal.  But the Immigration Judge picked up where counsel faltered, and accorded Petitioner ample opportunity to demonstrate his eligibility for relief.  Petitioner nevertheless failed to provide credible testimony of past persecution.  Because there is no showing of fundamental unfairness in the proceeding, we will deny the petition for review.