[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 2, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16920
Non-Argument Calendar

_____

BIA No. A79-399-389

HUSSAM CHAHIN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 2, 2006)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Petitioner Hussam Chahin, a citizen and native of Syria, through counsel, petitions for review of the Board of Immigration Appeals ("BIA's") decision affirming the Immigration Judge's ("IJ's") final removal order and denial of Chahin's motion to reopen his asylum hearing. Chahin missed his scheduled March 14, 2005, asylum hearing, and it is his reasons as to why he missed the hearing that are the subject of the instant petition.

In his petition, Chahin argues that he suffered from ineffective assistance of counsel because, over the four-year course of their relationship, his attorney always had provided him with prior notice of his immigration hearings, so he expected to hear from his attorney regarding the hearing that he missed. He contends that, his failure to appear was understandable due to the facts that (1) shortly before the hearing, he and his family had to change residences; and (2) because of that change, his former attorney claimed that he was unable to get in touch with them.

"In this Circuit, we review the [IJ]'s denial of a motion to reopen removal proceedings for abuse of discretion." *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.2 (11th Cir 2005). "We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion. Insofar as the Board adopts the IJ's reasoning, we will review the IJ's decision as well." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001) (citations omitted). Here, because the BIA adopted the IJ's decision, but also provided its own analysis for why the IJ was correct, we

2

review the reasoning of both the BIA and the IJ. *See id.*

Any alien, who, after written notice has been provided, does not attend a proceeding, shall be ordered removed *in absentia* if the Immigration and Naturalization Service ("INS") establishes by "clear, unequivocal, and convincing evidence" that it gave written notice and the alien was removable. INA § 240(b)(5)(A), 8 U.S.C. § 1229a(b)(5)(A). An *in absentia* removal order may be rescinded if, within 180 days of the order, the alien moves to reopen, demonstrating that the failure to appear was because of exceptional circumstances. INA § 240(b)(5)(C), 8 U.S.C. § 1229a(b)(5)(C). Exceptional circumstances include circumstances beyond the control of the alien, such as serious illness of the alien, or serious illness or death of the alien's spouse, child, or parent, but do not include less compelling circumstances. INA § 240(e), 8 U.S.C. § 1229a(e). Incompetent representation by counsel can qualify as an "exceptional circumstance." *Saakian v. I.N.S.*, 252 F.3d 21, 25 (1st Cir. 2001).

Pursuant to the Fifth Amendment Due Process Clause, aliens enjoy the right to a fundamentally fair hearing with effective assistance of counsel. *Dakane*, 399 F.3d at 1273. A petitioner claiming ineffective assistance must demonstrate prejudice. *Dakane*, 399 F.3d at 1274. "Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.*

3

Because Chahin has abandoned his argument, raised before the IJ, that the stress of his move was the cause of him missing his removal hearing, and he has failed to satisfy the prejudice component of his ineffective assistance of counsel claim, we conclude that the BIA did not err by affirming the IJ's denial of Chahin's motion to reopen and rescind the removal order. We therefore deny his petition on this ground.

Chahin also argues that his wife, who suffers from depression and anxiety, was ill, and that illness was the cause of his failure to attend the hearing, which, although brought up in his *pro se* motion to reopen, was not considered either by the IJ or the BIA in their denials of his motion.

We are obligated to inquire into subject-matter jurisdiction whenever it may be lacking. *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005). "The exhaustion requirement applicable to immigration cases is found in 8 U.S.C. § 1252(d)(1), which provides that '[a] court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.'" *Sundar v. I.N.S.*, 328 F.3d 1320, 1323 (11th Cir. 2003). We have "interpreted that requirement to be jurisdictional, so we lack jurisdiction to consider claims that have not been raised before the BIA." *Id.*

After reviewing the record, we conclude that we do not have jurisdiction to review Chahin's claim that his wife's illness was an exceptional circumstance

4

justifying his failure to attend the hearing because it was not clearly raised below. Accordingly, Chahin's petition is dismissed on this ground. For the above-stated reasons, we deny the petition in part, and dismiss it in part.

**PETITION DENIED IN PART, DISMISSED IN PART.**[1]

---

[1]We DENY Chahin's motion to supplement the record as moot.