Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 09-1474

CONSUELO BARRIENTOS; JUAN RAMÓN PINEDA,

Petitioners,

v.

ERIC H. HOLDER JR.,
UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
Souter, Associate Justice,* and Stahl, Circuit Judge.

Stephen M. Born for petitioners.
Gladys M. Steffens Guzmán, Trial Attorney, Office of
Immigration Litigation, Tony West, Assistant Attorney General, and
Anthony P. Nicastro, Senior Litigation Counsel, for respondent.

May 11, 2010

---

* The Hon. David H. Souter, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**STAHL**, **Circuit Judge**.  An immigration judge (IJ) denied Consuelo Barrientos'[1] application for asylum and withholding of removal and the Board of Immigration Appeals (BIA) dismissed her appeal of that denial.  The BIA also contemporaneously denied Barrientos' motion to remand proceedings, a request based on a claim that Barrientos' prior counsel's alleged ineffective assistance amounted to a due process violation.  On appeal to this court, Barrientos seeks review of both BIA determinations.  After careful consideration, we deny Barrientos' petition as to both issues.

## I. Background

In 1992, Consuelo Barrientos entered the United States without inspection from Guatemala.  She submitted three subsequent asylum applications, in 1992, 1998, and 2006.[2]  In September 2006, the Department of Homeland Security issued a Notice to Appear (NTA) for being present in the United States without having been previously admitted or paroled.  Before the IJ, Barrientos admitted the allegations in the NTA, conceded removability, and sought relief pursuant to the Nicaraguan Adjustment and Central American

---

[1]Barrientos' petition for review is filed jointly with Juan Ramon Pineda, her husband and derivative beneficiary.  Pineda is also a native and citizen of Guatemala.

[2]It is not clear from the record or briefs why the respondent submitted three separate asylum applications or why the government waited until 2006 to issue a Notice to Appear.  Nonetheless, these unresolved questions have no bearing on the legal issues before us.

Relief Act (NACARA), asylum, withholding of removal, the Convention Against Torture, and voluntary departure.

The essence of Barrientos' asylum claim was that she fled Guatemala in 1992 after being threatened by masked guerrillas who demanded she reveal the location of her now-deceased first husband, who had been a military commissioner in their town and who had fled Guatemala for the United States when the guerrillas threatened to kill him. Given twelve days to tell the guerrillas where her husband was or face reprisals, Barrientos made provisions for her children in Guatemala and then fled alone to the United States. During her asylum hearing, she stated that she feared returning to Guatemala because there are "still a lot of groups in Guatemala" and "it's still dangerous." She also said she feared "groups that are going around killing people [and] committing terrorist acts."

The IJ denied Barrientos' NACARA application, finding that she did not meet the statutory requirement of a date of entry into the United States before October 1, 1990. Further, assuming the credibility of Barrientos' written asylum application and oral testimony, the IJ denied asylum and withholding relief, concluding that her claim of persecution by the guerrillas did not meet the statutory requirements for past persecution or a well-founded fear of future persecution. The IJ did grant Barrientos the limited remedy of voluntary departure.

The BIA dismissed Barrientos' appeal of the IJ's denial of asylum and withholding, concluding that she neither suffered past persecution nor had a well-founded fear of future persecution, and was thus ineligible for asylum and therefore also ineligible for the non-discretionary relief of withholding of removal.

As to Barrientos' motion to remand proceedings based on her former counsel's alleged ineffective assistance at the IJ hearing, the BIA concluded that there was no evidence of a denial of due process that would justify a remand:

> The record indicates that prior counsel, the DHS attorney, and the Immigration Judge asked [Barrientos] questions relevant to the asylum application. [Barrientos] on appeal [has] not identified the facts or evidence that [she] was precluded from providing that were material to [her] application for relief from removal.

## II. Discussion

A. Due Process Claim

We first address Barrientos' appeal of the BIA's denial of her due process claim.[3] Barrientos alleges that her counsel before the IJ provided ineffective assistance by asserting grounds

---

[3]As a preliminary matter, we decline the government's request that we decide the question of whether there is a Fifth Amendment right to counsel in removal proceedings when the relief sought is non-discretionary, such as with withholding of removal. We need not address that question in order to resolve the matter before us. We also note that the Supreme Court's recent decision in Padilla v. Kentucky, No. 08-651, 78 U.S.L.W. 4235 (U.S. March 31, 2010), does not provide an answer to the question the government urges us to consider.

-4-

for relief for which she was clearly ineligible,[4] failing to submit proper documentation in support of those ineligible claims, and failing to prepare to present her asylum and withholding claims or background materials supporting those claims. Indeed, after the IJ determined that Barrientos was likely ineligible for relief under NACARA and cancellation of removal, he requested that counsel proceed by presenting Barrientos' asylum claim, to which counsel replied, "I'm not prepared to go forward on that today, Judge." The IJ replied:

> Well, then you better be -- get prepared because, you know, I, I, I put the case on so that we could get an idea as to whether or not there was some basis to the claim.

The IJ continued:

> Well, you're going to have to ask her about her asylum case. I mean, I've got an interpreter here, I set aside three hours. You can simply ask her why it is, if at all, she's afraid to go back to Guatemala, if you'd like.

Counsel then proceeded to ask Barrientos why she fled Guatemala and whether she feared returning. Our review of the record shows that Barrientos cogently narrated the basis of her asylum and withholding claims, and that her oral account closely paralleled

---

[4]Specifically, the attorney asserted claims for relief pursuant to NACARA and cancellation of removal, neither of which was appropriate given Barrientos' date of entry and her lack of a United States citizen spouse, parent, or child.

the one she gave in her written application as well as her recitation of the facts on appeal to the BIA and to this court. The record also shows that the IJ and counsel for the government had the opportunity to ask appropriate and probing questions of Barrientos regarding her claim of persecution.

"Ineffective assistance of counsel in a deportation proceeding is a denial of due process only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." Lozada v. INS, 857 F.2d 10, 13 (1st Cir. 1988) (internal quotation omitted); see also Guerrero-Santana v. Gonzales, 499 F.3d 90, 93 (1st Cir. 2007); Betouche v. Ashcroft, 357 F.3d 147, 149 (1st Cir. 2004). To succeed on such a due process claim, we have generally required the petitioner to show "a reasonable probability of prejudice" caused by former counsel's performance. Saakian v. INS, 252 F.3d 21, 25 (1st Cir. 2001); see also Zeru v. Gonzales, 503 F.3d 59, 72 (1st Cir. 2007); Wang v. Ashcroft, 367 F.3d 25, 28 (1st Cir. 2004).

Though Barrientos styled her motion before the BIA as a motion to remand, "[a]s a procedural matter, a claim of ineffective assistance of counsel is typically raised through a motion to reopen, which can be brought before either the BIA or the IJ directly." Saakian, 252 F.3d at 25. We review the BIA's denial of a motion to reopen for abuse of discretion. See Zeru, 503 F.3d at 71; Wang, 367 F.3d at 26-27.

Former counsel's statement to the IJ that he was unprepared to present the asylum claim certainly raises a serious question as to his competence. In addition, the paltry supporting evidence submitted by him on Barrientos' behalf raises further concerns. Despite these concerns, we deny Barrientos' petition for review on due process grounds because she has not put forth any argument that former counsel's performance resulted in a reasonable probability of prejudice. Indeed, she has failed to suggest any facts, argument, or documentary evidence not submitted that might have produced a different outcome as to her asylum claim. Essentially, it appears she would have us remand for further proceedings on the exact same claim and facts already presented and denied. This falls far short of the required showing of prejudice.[5]

---

[5]To the extent that Barrientos makes a second due process argument regarding the IJ's conduct of the hearing, we also deny review. Barrientos briefly suggests that the IJ's conduct of the hearing deprived her of due process because he "fail[ed] to re-set the hearing to allow [Barrientos] to obtain competent representation or to allow [Barrientos] to prepare [her] case more fully with [her] attorney." We review such a claim de novo. See Aguilar-Solis v. INS, 168 F.3d 565, 568 (1st Cir. 1999). The IJ's insistence that counsel proceed in the face of counsel's statement that he was not prepared certainly draws our attention. However, we conclude that, in this case, this decision fell within the IJ's "broad (though not uncabined) discretion over the conduct of trial proceedings." Id.

We also find no abuse of discretion in the BIA's conclusion that Barrientos failed to comply with the procedural requirements in effect at the time the appeal was filed for an ineffective assistance claim, as set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). See Beltre-Veloz v. Mukasey, 533 F.3d 7, 10 (1st Cir. 2008).

B. Asylum Claim

Having reviewed the record carefully, we also deny Barrientos' petition for review of the BIA's dismissal of her asylum claim.  We review only for "substantial evidence," and will not reverse unless "'the record evidence would compel a reasonable factfinder to make a contrary determination.'"  Guzman v. INS, 327 F.3d 11, 15 (1st Cir. 2003) (quoting Aguilar-Solis, 168 F.3d at 569).  We find nothing in the record approaching such compelling evidence to the contrary.

Even assuming that the record compelled the conclusion that the guerrillas' threat against Barrientos amounted to past persecution, the record does not compel (or even suggest) the conclusion that Barrientos has an objective well-founded fear of future persecution given that the threat against her occurred over seventeen years ago, the husband the guerrillas were pursuing has been deceased since 1995, Guatemala's civil war has concluded and the country has transitioned to a multi-party democracy,[6] and Barrientos offered no reason she would be unable to relocate to another part of the country where her former husband would be unknown.  See, e.g., Yatskin v. INS, 255 F.3d 5, 9 (1st Cir. 2001)

_____

[6]For country conditions, the IJ and the BIA relied on the U.S. State Department Country Report on Guatemala (2006), submitted by Barrientos and admitted into evidence by the IJ.

-8-

(outlining the standard for asylum).  We thus deny Barrientos'

petition for review as to the asylum claim.[7]

### III. Conclusion

For the foregoing reasons we **<u>deny</u>** Barrientos' petition

for review.

---

[7]Because Barrientos does not meet the asylum standard, we need not address her petition for review as to withholding, which requires the higher showing of a clear probability of persecution. <u>See</u> <u>Aguilar-Solis</u>, 168 F.3d at 569 n.3; <u>see</u> <u>also</u> <u>Ang</u> v. <u>Gonzales</u>, 430 F.3d 50, 58 (1st Cir. 2005).