# United States Court of Appeals
## For the First Circuit

No. 08-2277

ARIEL MICHAEL PUNZALAN,

Petitioner,

v.

ERIC H. HOLDER, JR.,[*] ATTORNEY GENERAL

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before
Lynch, Chief Judge,
Boudin and Lipez, Circuit Judges.

Lisa D. Dubowski and ASK Law Group on brief for petitioner.
Tim Ramnitz, Office of Immigration Litigation, Civil
Division, U.S. Department of Justice, Michael F. Hertz, Acting
Assistant Attorney General, Civil Division, and Shelley R. Goad,
Senior Litigation Counsel, on brief for respondent.

August 5, 2009

---

[*]      Pursuant to Fed. R. App. P. 43(c)(2), Attorney General
Eric H. Holder, Jr. has been substituted for former Attorney
General Michael B. Mukasey as the respondent.

**LYNCH**, **Chief Judge**.  Petitioner Ariel Punzalan, a native and citizen of the Philippines, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA") on September 5, 2008 denying petitioner's second motion to reopen. Petitioner argues that the time and number limitations on filing his second motion should be equitably tolled and proceedings reopened due to the alleged ineffective assistance of his prior counsel on the first motion to reopen.  The BIA rejected the second motion to reopen for several reasons, including that petitioner had failed to demonstrate that his former counsel acted deficiently. We deny the petition.

I.

Petitioner entered the United States on October 5, 2001 for a period not to exceed April 4, 2002.  He did not depart.  The Department of Homeland Security ("DHS") then commenced removal proceedings by filing a Notice to Appear on July 29, 2005.  On September 16, 2005, petitioner appeared with counsel before an immigration judge ("IJ") and conceded removability.  He stated that he would seek asylum or, in the alternative, voluntary departure. On October 25, 2005, petitioner filed a motion seeking a change of venue and stated that the only request he sought was voluntary departure; he withdrew his request for asylum.  Two months later, on December 29, 2005, the petitioner married a U.S. citizen.

-2-

On January 9, 2006, an IJ granted the petitioner voluntary departure up to March 10, 2006. On January 25, petitioner's new wife filed an I-130 immediate relative visa petition with DHS on his behalf. On February 2, 2006, Venu Alagh of Korenberg & Abramowitz in Sherman Oaks, California filed an appearance as attorney for petitioner. Petitioner faxed Korenberg & Abramowitz on March 2, 2006 relevant materials to prepare an application for a motion to reopen seeking an adjustment of status based on the pending I-130 petition. On March 17, 2006, petitioner's motion to reopen was filed. This motion was filed seven days past the voluntary departure deadline.

On March 29, 2006, the IJ ultimately denied petitioner's motion to reopen, citing the fact that he had failed to depart by the March 10 voluntary departure deadline and was therefore ineligible for a status adjustment. See 8 U.S.C. § 1229c(d)(1).

Six weeks later, on May 9, 2006, new counsel for petitioner filed a second motion to reopen, alleging that Korenberg & Abramowitz had provided deficient performance because the first motion to reopen should have been filed prior to the March 10, 2006 deadline. Punzalan was still represented by the same firm for the second motion. A different attorney within Korenberg & Abramowitz, Dan Korenberg, filed the second motion, accusing his own firm of ineffective assistance of counsel. He argued that Korenberg & Abramowitz had provided ineffective assistance on the first motion

-3-

because the first motion to reopen should have been filed before the expiration of the voluntary departure period. Petitioner claimed that although the firm had mailed the motion on March 6, it was not filed using the proper method and therefore did not arrive in a timely manner. Petitioner also claimed to have fulfilled the Lozada requirements[1] for showing ineffective assistance of counsel by filing a complaint with the Disciplinary Board of the Supreme Court of California against Korenberg & Abramowitz. The firm purportedly received notice of the allegations by serving itself with the bar complaint, with Dan Korenberg accepting service as the firm's representative.

The IJ denied the second motion to reopen on June 1, 2006 by simply saying she adopted the government's reasons for denying the motion without further analysis or specification of the reasons. Petitioner appealed to the BIA, arguing, inter alia, that this was an insufficient explanation.

---

[1] Under In re Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988), an alien seeking to reopen removal proceedings based on a claim of ineffective assistance of counsel must include with the motion 1) an affidavit explaining the petitioner's agreement with counsel regarding legal representation; 2) evidence that counsel has been informed of the allegations of ineffective assistance and has had an opportunity to respond; and 3) if it is asserted that counsel's handling of the case involved a violation of ethical or legal responsibilities, a complaint against the attorney filed with disciplinary authorities or, in the alternative, an explanation for why such a complaint has not been filed. Id.; Dawoud v. Holder, 561 F.3d 31, 34 n.3 (1st Cir. 2009).

On August 21, 2006, the BIA remanded to the IJ to fully explain her reasons for the denial, rather than stating solely that she adopted DHS's arguments. See In re M-P-, 20 I. & N. Dec. 786 (BIA 1994). The IJ issued a new decision on September 5, 2006 discussing the reasons for the denial of the second motion to reopen. The IJ stated that Punzalan had filed the motion to reopen after the voluntary departure deadline, that he had failed to comply with the Lozada requirements, and that he was not diligent in pursuing his first motion to reopen.

Petitioner appealed that decision to the BIA. He argued first that the IJ had inadequately explained the basis for the denial, and second that the time and number limitations on the motion to reopen should have been tolled due to the supposed ineffective assistance of counsel on the first motion to reopen.

The BIA dismissed petitioner's appeal on September 5, 2008, for the BIA stated that it was "not persuaded that respondent's prior counsel acted ineffectively." The BIA found that the petitioner had failed to set forth sufficient detail to support a claim of ineffectiveness. The BIA noted that the evidence submitted "neither describes the terms according to which the work was to be performed nor how the former counsel's performance of the work was ineffective."

The BIA also rejected the ineffective assistance claim on the grounds that the record showed that the petitioner did not fax

-5-

the Form I-485, the application for adjustment of status, to his first counsel until March 2, 2006, just eight days before the voluntary departure deadline, and that "it is clear to us that the respondent's former counsel could only act as quickly as permitted by the respondent's piecemeal manner of supplying him the requisite evidentiary documents."

Because the BIA resolved the case by rejecting Punzalan's ineffectiveness claim, it did not reach the equitable tolling argument.[2]

## II.

"Motions to reopen removal proceedings are disfavored because . . . such motions are at odds with 'the compelling public interests in finality and the expeditious processing of proceedings.'" Beltre-Veloz v. Mukasey, 533 F.3d 7, 9 (1st Cir. 2008) (quoting Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007)). We therefore review the BIA's decision for abuse of

---

[2] The BIA also determined that even assuming the first motion to reopen had been filed prior to the expiration of the voluntary departure period on March 10, there was "no basis upon which to presume the motion would have been adjudicated" before the voluntary departure period deadline. Citing Chedad v. Gonzales, 497 F.3d 57, 64 (1st Cir. 2007), overruled in Dada v. Mukasey, 128 S. Ct. 2307 (2008), the BIA emphasized that the mere filing of a motion to reopen prior to the expiration of the voluntary departure period does not automatically toll the running of the voluntary departure period. In Dada, the Supreme Court held that the filing of a motion to reopen does not toll the voluntary departure period, but that "the alien must be permitted to withdraw, unilaterally, a voluntary departure request before expiration of the departure period, without regard to the underlying merits of the motion to reopen." 128 S. Ct. at 2319.

discretion.[3]  <u>Arias-Valencia</u> v. <u>Mukasey</u>, 529 F.3d 428, 430 (1st Cir. 2008).  "Our review is highly deferential, focusing on the rationality of the decision to deny . . . reopening, not on the merits per se, of the underlying claim."  <u>Abdullah</u> v. <u>Gonzales</u>, 461 F.3d 92, 99 (1st Cir. 2006).  We will set aside the BIA's decision "only where it rests on an error of law or reflects arbitrary or capricious decisionmaking."  <u>Oliveira</u> v. <u>Holder</u>, 568 F.3d 275, 277 (1st Cir. 2009).

Petitioner first argues that the time and number limits on his second motion to reopen should be tolled and the proceedings reopened because of the ineffective assistance of his counsel, Korenberg & Abramowitz, on the first motion to reopen.  Ordinarily a petitioner may file only one motion to reopen, which must be filed within ninety days of the BIA's final decision.  8 U.S.C. § 1229a(c)(7)(A); 8 C.F.R. § 1003.2(c)(2).  We have reserved the question of whether "the statutory provision limiting motions to reopen is subject to equitable tolling."  <u>Da Silva Neves</u> v. <u>Holder</u>, 568 F.3d 41, 42 (1st Cir. 2009).  And even if it were available, "equitable tolling is a 'sparingly' invoked doctrine."  <u>Jobe</u> v. <u>INS</u>, 238 F.3d 96, 100 (1st Cir. 2001) (en banc) (quoting <u>Irwin</u> v. <u>Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)).  Moreover, we

---

[3]  The parties have not argued that this court lacks jurisdiction to consider the petition, cf. <u>Fustaquio Do Nascimento</u> v. <u>Mukasey</u>, 549 F.3d 12, 18-19 (1st Cir. 2008), and we assume arguendo that we do have jurisdiction.

would only reach this issue if we first held that the BIA had abused its discretion in finding that petitioner failed to meet his burden under Lozada of providing sufficient detail of counsel's ineffectiveness. See Chedid v. Holder, No. 08-1552, ___ F.3d ___, 2009 WL 2100615, at *4 (1st Cir. July 17, 2009). The BIA did not abuse its discretion.

"The BIA acts within its discretion in denying motions to reopen that fail to meet the Lozada requirements as long as it does so in a non-arbitrary manner." Asaba v. Ashcroft, 377 F.3d 9, 11 (1st Cir. 2004). The Lozada framework "is designed to screen out frivolous, stale, and collusive claims." Beltre-Veloz, 533 F.3d at 10. A petitioner's affidavit that "makes no mention of the nature, scope, or substance of the petitioner's arrangement with [his attorney], [and fails to] indicate what communications the petitioner had with the attorney" contains a "fatal flaw" under the Lozada requirements. Id.

The BIA's determination that the petitioner failed to meet the Lozada requirements, which rested on several grounds, was not arbitrary or capricious. Although petitioner did submit an affidavit, the BIA did not abuse its discretion in finding that "the evidence submitted for the purpose of establishing the claimed ineffectiveness neither describes the terms according to which the work was to be performed [n]or how the former counsel's performance of the work was ineffective." The affidavit contained a spare

-8-

description of the case. It contained no record of specific contacts with attorney Venu Alagh or anyone else at Korenberg & Abramowitz. It only stated that Punzalan had "repeatedly contacted his counsel" and that the motion was not timely filed because of counsel's alleged failure to follow the proper filing procedure. This failure to file before the voluntary departure deadline was the only allusion to any error made by Korenberg & Abramowitz.

The BIA also found that the petitioner was to blame for the failure to make a more timely filing. The record shows that Punzalan sent his materials to Korenberg & Abramowitz on March 2, eight days before the deadline, but the affidavit provides no description of the contacts with Alagh between the date of petitioner's submission and Alagh's filing of the motion to reopen. The affidavit neither explains the nature of the filing error nor why it prevented the motion from being filed until March 17, 2007.

Further, the BIA rightfully was skeptical as to whether the petitioner "registered a meaningful complaint about his former counsel" in compliance with Lozada. Beltre-Veloz, 533 F.3d at 11. To put it mildly, the law firm Korenberg & Abramowitz had divided and conflicting interests.

Petitioner further argues that the BIA erred by relying on Chedad, because that decision was later withdrawn after the

Supreme Court decided <u>Dada</u> v. <u>Mukasey</u>.[4] We need not address the argument, because the BIA independently rejected the ineffectiveness claim in determining that petitioner failed to comply with the <u>Lozada</u> requirements.

Petitioner's final claim of error is easily rejected. He argues that because the IJ adopted the arguments and reasoning of DHS in her decision, she failed to fully explain her reasons under <u>In re M-P-</u>, and the BIA was wrong to conclude otherwise. The factual basis for this claim is wrong. The IJ issued a three-page decision that set forth her reasoning in sufficient detail to allow the BIA to meaningfully exercise its reviewing responsibility. <u>See</u> <u>In re M-P-</u>, 20 I. & N. Dec. at 787-88. Petitioner's argument thus lacks merit.

The petition is <u>denied</u>. Copies of this opinion shall be sent by the Clerk to the bar disciplinary authorities of California for their review concerning attorney Dan Korenberg and the firm of

---

[4] After the <u>Dada</u> decision (although on the basis of a proposed rule that preceded <u>Dada</u>), the Executive Office of Immigration Review ("EOIR") issued a rule stating that the filing of any motion for reconsideration or reopening automatically terminates voluntary departure. <u>See</u> <u>Voluntary Departure: Effect of a Motion To Reopen or Reconsider or a Petition for Review</u>, 73 Fed.Reg. 76,927, 76,937 (Dec. 18, 2008) (codified at 8 C.F.R. § 1240.26(e)(1)). The EOIR expressly stated that this new rule is to be applied prospectively only, and so it does not apply to the instant petition. <u>Id.</u> at 76,936. To the extent petitioner may be making a claim that <u>Dada</u> applies retroactively to this case, the argument is waived and we will not address it.

Korenberg & Abramowitz.  <u>See</u> A. Greenbaum, Judicial Reporting of Lawyer Misconduct, 77 UMKC L. Rev. 537, 565 (2009).

<u>So ordered</u>.