# United States Court of Appeals
## For the First Circuit

No. 14-1073

ARIDIO TAVERAS-DURAN,

Petitioner,

v.

ERIC H. HOLDER, JR., United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Chief Judge,
Lipez and Howard, Circuit Judges.

Glenn T. Terk, on brief for petitioner.
Stuart F. Delery, Assistant Attorney General, Daniel E. Goldman and Brianne Whelan Cohen, Senior Litigation Counsel, U.S. Department of Justice, Civil Division, Office of Immigration Litigation, on brief for respondent.

September 23, 2014

**LYNCH, <u>Chief Judge</u>**.  Aridio Taveras-Duran, a native and citizen of the Dominican Republic, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings in which the BIA had affirmed the Immigration Judge's denial of relief because Taveras-Duran was not credible.  The BIA's denial turned on Taveras-Duran's ineligibility to receive the relief he requested because of his failure to depart voluntarily, when given that option.  The BIA did not abuse its discretion in denying Taveras-Duran's motion.  We deny his petition for review.

I.

Taveras-Duran entered the United States as a tourist on February 27, 2004.  On July 16, 2004, he married a United States citizen and thereby obtained permanent resident status on a conditional basis.

On July 27, 2007, Taveras-Duran and his wife filed a Joint Petition to Remove Conditions on Residence.  The United States Citizenship and Immigration Services (USCIS) concluded that the marriage "was a sham, entered into solely for the purpose of circumventing immigration laws," and terminated Taveras-Duran's status as a conditional permanent resident.  USCIS served Taveras-Duran with notice to appear for removal proceedings on December 3, 2008.

Taveras-Duran and his wife divorced on November 6, 2009. On November 30, 2009, Taveras-Duran applied for a waiver of the joint petition requirement under section 216(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1186a(c)(4), by which the conditional basis of his prior permanent resident status could be lifted if he had entered into a qualifying marriage in good faith, but the marriage had subsequently ended. USCIS denied Taveras-Duran's application since he failed to submit any credible evidence or testimony that the marriage was entered into in good faith.

On April 16, 2012, the Immigration Judge (IJ) reviewed and denied Taveras-Duran's application for a good faith waiver. The IJ made an adverse credibility determination and concluded that Taveras-Duran's marriage was not entered into in good faith, as required for the waiver. The IJ granted Taveras-Duran thirty days for voluntary departure. In the decision, the IJ expressly warned him that "failure to voluntarily depart the United States within the time period specified by the Court . . . shall make [him] ineligible, for a period of 10 years, from any further relief under Section 240A, 240B, 245, 248, and 249 of the Act."

Taveras-Duran appealed to the BIA, which found no error by the IJ and dismissed the appeal on May 21, 2013. The BIA also extended the time within which Taveras-Duran could voluntarily depart to thirty days from the date of the BIA's order, and

reiterated the consequences if he failed to do so. He failed to do so.

On August 19, 2013, Taveras-Duran filed a timely motion to reopen based on a different ground: a pending I-130 visa petition filed by his United States citizen daughter. With his motion to reopen, Taveras-Duran attached an affidavit detailing his claim of ineffective assistance of his prior counsel. He also asserted that he "did not realize that the Board had dismissed the appeal and reinstated the voluntary departure on May 21, 2013 until after the reinstated voluntary departure period had already expired." He did not deny that he knew of the earlier deadline for his voluntary departure set by the IJ.

On December 16, 2013, the BIA denied Taveras-Duran's motion to reopen, finding that he was not eligible to adjust his status under section 240B(d) of the INA, 8 U.S.C. § 1229c(d). Under this section, an alien who voluntarily fails to depart the United States within the time period specified is not eligible to adjust his or her status for ten years. See 8 U.S.C. § 1229c(d). The BIA also held that he had not complied with the requirements to state a claim for ineffective assistance of counsel under Lozada, 19 I. & N. Dec. 637 (B.I.A. 1988). This petition for review followed.

II.

We review the BIA's denial of a motion to reopen for abuse of discretion. Beltre-Veloz v. Mukasey, 533 F.3d 7, 9 (1st Cir. 2008). We "disfavor motions to reopen removal proceedings because they run the risk of frustrating 'the compelling public interests in finality and the expeditious processing of proceedings.'" Chen v. Holder, 675 F.3d 100, 105 (1st Cir. 2012) (quoting Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007)). An applicant seeking to reopen proceedings "must both introduce new, material evidence that was not available or discoverable at the prior hearing and must also present a prima facie case of eligibility for the relief sought." Jutus v. Holder, 723 F.3d 105, 110 (1st Cir. 2013).

The BIA properly concluded that Taveras-Duran was ineligible for an adjustment in status at the time of the motion to reopen. Under section 240B(d) of the INA, an alien who fails to voluntarily depart within the time period specified is ineligible for various forms of relief, including adjustment of status, for a period of ten years. 8 U.S.C. § 1229c(d)(1)(B).[1] Taveras-Duran does not dispute that he failed to voluntarily depart within the

---

[1] Nor do amendments to the Code of Federal Regulations in 2008 help the petitioner. Although Taveras-Duran might have escaped the sanction if he had filed his motion during the 30-day voluntary departure period, 8 C.F.R. 1240.26(e)(1), it is undisputed that he waited until after that period expired. The regulations make clear that the penalties remain applicable under such circumstances. 8 C.F.R. 1240.26(e)(2).

thirty-day window established by the IJ on April 16, 2012, and the thirty-day window established by the BIA on May 21, 2013. Based on the plain language of the statute, Taveras-Duran is statutorily ineligible for the relief that he sought in the motion to reopen. See Jupiter v. Ashcroft, 396 F.3d 487, 491 (1st Cir. 2005).

Taveras-Duran argues that his ineligibility "only existed because the Board had not vacated its decision." Not so. In DaCosta v. Gonzales, we considered and rejected a petitioner's argument that the reopening of removal proceedings -- after the voluntary departure period expired -- effectively expunged a violation of that previous order. 449 F.3d 45, 50-51 (1st Cir. 2006). We found that, "[a]lthough the BIA's reopening of the case had the legal effect of vacating the BIA's June 6, 2002 order, it could not 'retroactively nullify' [the petitioner's] previous violation of the terms of that order." Id. In this case, Taveras-Duran's ineligibility for adjustment in status arises not from the BIA's decision, but from his decision to stay in the country after the deadline for voluntary departure passed and from his failure to file a motion to reopen before that date. See 8 C.F.R. 1240.26(e)(1-2).

The BIA also rejected Taveras-Duran's claim for ineffective assistance of counsel since he had not complied with the procedural requirements of Lozada, 19 I. & N. Dec. 637 (B.I.A.

1988).[2] Taveras-Duran appears to waive this claim in his petition for review. He submits that "the ineffective assistance of counsel paragraph . . . was included, not because that was the basis of the Motion to Reopen, but just to add an additional reason why the Motion to Reopen should be favorably considered." Taveras-Duran does not dispute his failure to comply with the clear requirements of Lozada.

The BIA did not abuse its discretion in denying Taveras-Duran's ineffective assistance of counsel claim, in any event. "The BIA acts within its discretion in denying motions to reopen that fail to meet the Lozada requirements as long as it does so in a non-arbitrary manner." Asaba v. Ashcroft, 377 F.3d 9, 11 (1st Cir. 2004). Here, Taveras-Duran failed to submit sufficient documentary evidence that he had filed a state bar complaint or that his former counsel was afforded an opportunity to respond to his complaints. The BIA's resulting denial of Taveras-Duran's motion to reopen was not arbitrary or capricious.

---

[2] Under Lozada, "an alien seeking to reopen removal proceedings based on a claim of ineffective assistance of counsel must include with the motion 1) an affidavit explaining the petitioner's agreement with counsel regarding legal representation; 2) evidence that counsel has been informed of the allegations of ineffective assistance and has had an opportunity to respond; and 3) if it is asserted that counsel's handling of the case involved a violation of ethical or legal responsibilities, a complaint against the attorney filed with disciplinary authorities or, in the alternative, an explanation for why such a complaint has not been filed." Punzalan v. Holder, 575 F.3d 107, 109 n.1 (1st Cir. 2009) (citing Lozada, 19 I. & N. Dec. at 639).

## III.

For the reasons stated above, Taveras-Duran's petition for review is <u>denied</u>.