**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 14-2215

FRANCIA SORIANO DE AMIL,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General of the United States,[*]

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Howard, Chief Judge,
Lipez and Barron, Circuit Judges.

Gilbert J. Schipani and Tempus Fugit Law LLC on brief for petitioner.

Rachel L. Browning, Trial Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, Benjamin C. Mizer, Acting Assistant Attorney General, Civil Division, and Holly M. Smith, Senior Litigation Counsel, on brief for respondent.

September 30, 2015

---

[*] Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr. as respondent.

**PER CURIAM**.    Petitioner Francia Soriano de Amil challenges the Board of Immigration Appeal's ("BIA") denial of her motion to remand and its affirmance of an immigration judge's ("IJ") decision denying her plea to withhold removal.    After extensively reviewing the record, we deny her petition for review.

In 2008, the Department of Homeland Security ("DHS") initiated removal proceedings against Soriano.    See 8 U.S.C. § 1227(a)(2)(A)(i).[1]    Soriano conceded removability, but sought withholding of removal and protection under the Convention against Torture ("CAT").    She alleged that, because she was a clairvoyant who practiced tarot, she would be persecuted and tortured if returned to the Dominican Republic.

Following an evidentiary hearing, an IJ rejected Soriano's claim.    First, the IJ discounted Soriano's testimony respecting her alleged fear of persecution. Next, the IJ concluded that having clairvoyant abilities and practicing tarot did not constitute a religious belief, nor was Soriano a member of a cognizable social group entitled to protection.    In any event, the IJ reasoned, Soriano failed to establish that she suffered persecution in the past because of her clairvoyant abilities or that she was likely to suffer persecution in the future.

---

[1]    DHS later added additional bases for removability, see 8 U.S.C. § 1227(a)(2)(A)(ii) and § 1227(a)(1)(D)(i).

On appeal to the BIA, Soriano moved to remand her case. She argued that her counsel had provided ineffective assistance and that she had lacked the required mental competency to answer the charges of removal. In addition to this request for remand, Soriano also disagreed with the IJ's merits determination.

The BIA rejected these challenges. We note that the Board declined to adopt either the IJ's credibility assessment or the IJ's conclusion that having clairvoyant abilities did not constitute a cognizable attribute. Nonetheless, the BIA agreed that Soriano had failed to satisfy her burden of establishing past persecution or a clear probability of future persecution. This timely appeal followed.[2]

We begin with Soriano's challenge to the BIA's denial of her motion to remand, which we review for abuse of discretion. See Jia Duan Dong v. Holder, 587 F.3d 8, 13 (1st Cir. 2009).

Soriano first argues that the BIA should have remanded her case on account of alleged ineffective assistance of counsel. The BIA rejected that contention because Soriano had failed to comply with the procedural requirements set forth in Matter of Lozada, 19 I&N Dec. 637 (BIA 1988) (enumerating the steps a petitioner must take to assert an IAC claim). Before us now,

---

[2] Soriano focuses her appeal exclusively on the BIA's rejection of her request to withhold removal. We therefore deem any argument respecting her CAT claim waived. See Berrio-Barrera v. Gonzales, 460 F.3d 163, 168 (1st Cir. 2006).

Soriano does not argue that she complied with those requirements, but instead asserts that they should not apply to her. We have, however, consistently found that the BIA does not abuse its discretion when it holds a petitioner to the Lozada standards as long as it applies those standards in a non-arbitrary manner. See, e.g., Taveras-Duran v. Holder, 767 F.3d 120, 123-24 (1st Cir. 2014)(citing Asaba v. Ashcroft, 377 F.3d 9, 11 (1st Cir. 2004); Betouche v. Ashcroft, 357 F.3d 147, 149 n.2 (1st Cir. 2004); Saakian v. INS, 252 F.3d 21, 25-26 (1st Cir. 2001). And, Soriano does not provide us with a compelling reason (nor could we conjure up one on our own) to justify a different conclusion here.

Soriano also believes that a remand was appropriate because two different IJs oversaw various aspects of her evidentiary proceedings. Accordingly, she says, the IJ who discounted her credibility did not personally hear all of the relevant testimony. Soriano did not, however, present this argument to the BIA (nor would it likely have succeeded given that the BIA avoided ruling on the IJ's credibility assessment), and she has therefore failed to exhaust her administrative remedies. As such, we lack jurisdiction to consider the argument. See 8 U.S.C. § 1252(d)(1); Olujoke v. Gonzales, 411 F.3d 16, 22-23 (1st Cir. 2005).[3]

---

[3] Soriano does not reassert her argument that the case should have been remanded on account of her alleged mental incapacity.

- 4 -

Finding the denial of the motion to remand appropriate, we turn next to the merits of her withholding claim. We review the BIA's decision -- along with the parts of the IJ's decision that the BIA incorporated, see Hasan v. Holder, 673 F.3d 26, 33 (1st Cir. 2012) (internal quotation marks and citation omitted) -- for "substantial evidence." See Afful v. Ashcroft, 380 F.3d 1, 4 (1st Cir. 2004) (internal citations omitted).

Soriano spends much of her brief arguing that she was a member of a religious and social group entitled to protection. But, as noted above, the BIA bypassed that issue. Instead, its decision turned on whether substantial evidence supported the IJ's determination that Soriano failed to establish either past persecution or a likelihood of future persecution. Our review is therefore limited to those dispositive issues.

Substantial evidence supported the BIA's conclusion that Soriano did not suffer past persecution on account of her clairvoyant abilities. See de Zea v. Holder, 761 F.3d 75, 79 (1st Cir. 2014). Soriano provided no testimony detailing any such past persecution, nor is there anything in the record that would justify such a finding. Indeed, Soriano does not meaningfully argue otherwise in her brief before us.

---

This argument is therefore also waived. See Berrio-Barrera, 460 F.3d at 168.

Similarly, the BIA had substantial evidence to conclude that Soriano did not demonstrate a clear probability of future persecution. Id. at 80. To be sure, Soriano provided some evidence tending to support her theory. This included testimony respecting the death of her grandmother and rather vague testimony regarding news reports and videos about the mistreatment of clairvoyants in the Dominican Republic. As to the former point, though, Soriano failed to provide specific evidence linking her grandmother's death to her grandmother's clairvoyant abilities or, even assuming that she had, that this past event sheds light on current conditions in the Dominican Republic. As to the latter testimony, even if we assume that Soriano did not need to provide some corroborating evidence (though it is likely that she was so required, see 8 U.S.C. § 1158(b)(1)(B)(ii)), the testimony still established nothing more than sporadic mistreatment of clairvoyants. This evidence did not compel the conclusion that Soriano was more likely than not to suffer persecution upon return to the Dominican Republic.

We also note that the record contains a State Department Religious Freedom Report for the Dominican Republic, which did not support Soriano's claim. See Negeya v. Gonzales, 417 F.3d 78, 84 (1st Cir. 2004) (describing a state department country report as "authoritative documentary evidence" on the question of conditions in a specific country). Indeed, the report did not reference any

recent abuse, persecution, or torture on account of this putative religious practice. Although the report did note that some clairvoyant activity was engaged in clandestinely, there was nothing in it that suggested (or would have required the BIA to infer) that such clandestine action was the result of persecution.

Accordingly, we **<u>deny</u>** the petition for review.