# United States Court of Appeals
## For the First Circuit

No. 14-1751

CARLOS ANTONELLI HURTADO,

Petitioner,

v.

LORETTA E. LYNCH,[*]
Attorney General of the United States,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, Stahl, and Barron,
Circuit Judges.

Sarita Rivera-Sasa and Rivera Sasa Immigration Law Offices on brief for petitioner.
Tim Ramnitz, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jennifer P. Levings, Senior Litigation Counsel, and Shelley R. Goad, Assistant Director, on brief for respondent.

---

[*]   Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch has been substituted for former Attorney General Eric H. Holder, Jr., as the respondent.

January 13, 2016

**LYNCH**, **Circuit Judge**.  Petitioner Carlos Antonelli
Hurtado, a native and citizen of Honduras, petitions for review of
a June 11, 2014, order of the Board of Immigration Appeals ("BIA")
denying his motion to reconsider its earlier decision to dismiss
his appeal of an Immigration Judge's ("IJ") decision denying
relief.  We deny his petition.

                                I.

A.    Prior Denial of Relief

         We recount the history of Hurtado's proceedings to
provide context.  Hurtado was issued a Notice to Appear in 2009.
He conceded removability and sought withholding of removal based
on race, nationality, and membership in a particular social group.
Most important to this petition is his claim as to membership in
a particular social group.  In his application, Hurtado wrote that
he was pressured to join a gang "since [his] father had cars and
[he] could use the cars to go around the country robbing and
assaulting people with them."  Hurtado wrote that he "fear[s] harm
and mistreatment because [he] do[es] not want to belong to any
gangs and [he] fear[s] that [he] will be harassed by gang members
to join them if [he] return[s] to Honduras."

         After a hearing on February 9, 2012, an IJ issued an
oral decision denying Hurtado's application for withholding of
removal.  The IJ found that Hurtado was not the victim of past
persecution, that there was no evidence that race or nationality

played a role in the events Hurtado described, and that Hurtado had not identified with particularity a social group; the IJ concluded that Hurtado did not demonstrate that it was more likely than not that his life or freedom would be threatened on the basis of being in a particular social group.

Hurtado appealed to the BIA in May 2012, arguing that he demonstrated "a clear probability that if he returns to Honduras . . . he will be persecuted on account of his [having] been a member of a group: members that oppose gang membership." On January 27, 2014, the BIA dismissed the appeal. It agreed with the IJ that Hurtado "has not established that any persecution he suffered or fears at the hands of gang members in Honduras was or would be on account of his membership in a cognizable particular social group." In doing so, the BIA relied on three opinions of this court. See Mayorga-Vidal v. Holder, 675 F.3d 9 (1st Cir. 2012) (affirming the BIA's decision that "young Salvadoran men who have already resisted gang recruitment and whose parents are unavailable to protect them," id. at 15, do not constitute a particular social group, id. at 17-18); Arévalo-Girón v. Holder, 667 F.3d 79, 83 (1st Cir. 2012) (explaining that "mere vulnerability to criminal predations cannot define a cognizable social group"); Larios v. Holder, 608 F.3d 105, 109 (1st Cir. 2010) (concluding that the Guatemalan petitioner's proposed social group of "youth resistant to gang recruitment" was "neither socially

- 4 -

visible nor sufficiently particular" and so did not constitute a legally cognizable social group).[1]  Hurtado did not petition for review of that BIA decision to this court, and so any issues concerning the merits of that decision are not before us.

B.    Denial of the Motion to Reconsider

Directly pertinent to this petition, on February 25, 2014, Hurtado filed with the BIA a motion to reconsider the dismissal of his appeal, this time claiming that the BIA failed to examine the record and that his "testimony clearly stipulates to the fact that his family falls under the social group classification of business-owners and consequently, considered as a wealthy social group."  This was a new claim, not made previously.  On June 11, 2014, the BIA denied Hurtado's motion to reconsider on the grounds that the arguments Hurtado raised in his motion to reconsider as to his membership in the social group of "business-owners" and "wealthy" people were not raised in his appeal to the BIA or explicitly before the IJ, and so were beyond the scope of his motion to reconsider.  This petition for review followed.

---

[1]    The BIA also cited two BIA decisions.  See In re S-E-G-, 24 I. & N. Dec. 579 (BIA 2008); In re A-M-E & J-G-U-, 24 I. & N. Dec. 69 (BIA 2007).

We have jurisdiction over only Hurtado's motion to reconsider and not the January 27, 2014, BIA order, as Hurtado failed to seek review of that order within thirty days. See 8 U.S.C. § 1252(b)(1), (b)(6); Stone v. INS, 514 U.S. 386, 405 (1995). The statutorily prescribed time limits for seeking review of BIA orders are "mandatory and jurisdictional." Stone, 514 U.S. at 405 (quoting Missouri v. Jenkins, 495 U.S. 33, 45 (1990)); Perez v. Holder, 740 F.3d 57, 63 n.2 (1st Cir. 2014) (quoting Stone and then explaining that "[h]aving long ago missed the thirty-day window for seeking review of the BIA's 2011 decision . . . [the petitioner] cannot now attempt to circumvent the statutory requirements for judicial review through the backdoor of his motion to reopen"). We review the denial of a motion to reconsider for abuse of discretion. Martinez-Lopez v. Holder, 704 F.3d 169, 171 (1st Cir. 2013). Because the new arguments raised in Hurtado's motion to reconsider were previously available but not previously asserted, the BIA did not abuse its discretion in denying his motion. Id. at 170, 172–73.[2]

_____

[2] We recognize that an April 2, 2015, order of this court required the parties to address two 2014 BIA decisions that discuss the requirements to establish a cognizable "particular social group." See In re W-G-R-, 26 I. & N. Dec. 208 (BIA 2014); In re M-E-V-G-, 26 I. & N. Dec. 227 (BIA 2014). Upon review, we hold that those cases are not pertinent to this petition, and we do not address them, regardless of whether those cases might have had

III.

The petition for review is <u>denied</u>.

---

some relevance to the BIA's original order dismissing Hurtado's appeal of the IJ's decision denying relief from removal.