# United States Court of Appeals
## For the First Circuit

No. 15-1633

JOSÉ GARCÍA,

Petitioner,

v.

LORETTA E. LYNCH, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF ORDERS
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Selya and Thompson,
Circuit Judges.

Raymond Sánchez Maceira on brief for petitioner.
Benjamin C. Mizer, Principal Deputy Assistant Attorney
General, Civil Division, U.S. Department of Justice, John S. Hogan,
Assistant Director, Office of Immigration Litigation, and Nicole
N. Murley, Trial Attorney, on brief for respondent.

May 9, 2016

**SELYA**, **Circuit Judge**.   Immigration cases — like old soldiers — seem never to die.  They may fade away for a spell, but they often return in slightly altered postures.  So it is here.

The petitioner, José García, is a native and citizen of the Dominican Republic.  He seeks judicial review of rulings rejecting serial attempts to revisit a final order of removal entered in 2009.  Though creative, his arguments are unavailing and, in the end, we dismiss his petition in part and deny it in part.

We briefly rehearse the essential facts and travel of the case.  By virtue of his 1996 marriage to a United States citizen, the petitioner became a conditional lawful permanent resident.  See 8 U.S.C. § 1186a(a)(1).  In 1998, the couple filed an I-751 joint petition to remove the conditions of the petitioner's residency.  See id. § 1186a(c)(3).  United States Citizenship and Immigration Services (USCIS) denied the petition, citing marriage fraud.  See id. § 1186a(b)(1).  After numerous procedural detours, the petitioner's conditional permanent residency status was terminated, and federal authorities instituted removal proceedings against him.  See id. §§ 1227(a)(1)(D)(i), 1229(a).

On May 20, 2009, an Immigration Judge (IJ) entered an order of removal in absentia after the petitioner failed to appear for a scheduled hearing.  See id. § 1229a(b)(5).  Through his

attorney, the petitioner promptly moved to reopen the proceeding, claiming that his arrival at the hearing had been delayed by traffic conditions. The IJ denied this motion, concluding that there had been no showing of "exceptional circumstances beyond [the] alien's control." See id. § 1229a(b)(5)(C)(i).

The petitioner appealed the denial of his motion to reopen to the Board of Immigration Appeals (BIA). In short order, however, the petitioner executed an about-face: he withdrew his appeal and requested reinstatement of the removal order, professing a desire to return to his homeland. The BIA obliged and, on July 10, 2009, the petitioner was removed and remitted to the Dominican Republic.

Sometime in December of 2012, the petitioner reentered the United States illegally. He was soon apprehended and charged criminally with unlawful reentry. See 8 U.S.C. § 1326(a).

On August 28, 2013, the petitioner again moved to reopen, alleging that he had received ineffective assistance of counsel during the 2009 removal proceedings. The petitioner initially contended that his counsel had never filed a motion to reopen. When it came to light, though, that the petitioner's counsel had indeed filed such a motion eight days after the IJ's in absentia removal order, the petitioner switched gears and argued that the filed motion to reopen was "terribly flawed" as it had not included a sworn statement from the petitioner himself.

The IJ denied this second motion to reopen on multiple grounds.  Two of those grounds are relevant here.  First, the IJ ruled that the motion was time and number barred.[1]  See 8 C.F.R. § 1003.23(b)(1).  Second, the IJ ruled that the petitioner's ineffective assistance of counsel claim was faulty because it did not comply with any of the requirements enumerated in Matter of Lozada, 19 I&N Dec. 637 (BIA 1988).[2]  On March 12, 2015, the BIA affirmed the denial of the second motion to reopen, adding that

---

[1] Motions to reopen are generally subject to both temporal and numeric restrictions.  See Meng Hua Wan v. Holder, 776 F.3d 52, 56 (1st Cir. 2015); see also 8 C.F.R. § 1003.23(b)(1).  "A party ordinarily may file only one motion to reopen, and that motion must be filed within 90 days of the date of entry of the final administrative order."  Meng Hua Wan, 776 F.3d at 56.  The deadline for filing a motion to reopen in absentia orders of removal broadens to 180 days if the alien can demonstrate that the failure to appear was the result of exceptional circumstances.  See 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1); Xue Su Wang v. Holder, 750 F.3d 87, 89-90 (1st Cir. 2014).

[2] Under Lozada, a valid motion to reopen based on ineffective assistance of counsel must be supported by:

> (1) an affidavit explaining the petitioner's agreement with counsel regarding legal representation; (2) evidence that counsel has been informed of the allegations of ineffective assistance and has had an opportunity to respond; and (3) if it is asserted that counsel's handling of the case involved a violation of ethical or legal responsibilities, a complaint against the attorney filed with disciplinary authorities or, in the alternative, an explanation for why such a complaint has not been filed.

Taveras-Duran v. Holder, 767 F.3d 120, 123 n.2 (1st Cir. 2014) (quoting Punzalan v. Holder, 575 F.3d 107, 109 n.1 (1st Cir. 2009)); see Lozada, 19 I&N Dec. at 639.

- 4 -

the petitioner had not demonstrated prima facie eligibility for any conservable relief from removal.

The petitioner moved for reconsideration of the BIA's decision.  See 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b).  On May 15, 2015, the BIA denied reconsideration.  This petition for judicial review was filed on May 26, 2015.  See 8 U.S.C. § 1252(b).

Because this case comes to us as a procedural motley, we begin by clarifying the scope of our review.  Congress has imposed statutorily prescribed time limits on parties seeking judicial review of final agency orders in immigration cases.  See id. § 1252(b)(1); Hurtado v. Lynch, 810 F.3d 91, 93 (1st Cir. 2016). Generally, compliance with these time limits is mandatory and jurisdictional.  See Onwuamaegbu v. Gonzales, 470 F.3d 405, 406 (1st Cir. 2006); Zhang v. INS, 348 F.3d 289, 292 (1st Cir. 2003). Here, the petitioner characterizes his petition for review as a challenge to both the denial of his second motion to reopen and the denial of his motion to reconsider.  The catch, however, is that he never filed a timely petition for judicial review of the BIA's denial of his second motion to reopen; that is, he never filed such a petition within thirty days of that denial.[3]  See 8

---

[3] The BIA's March 12, 2015 order was a final order, and the subsequent filing of a motion to reconsider does not toll the running of the period within which an aggrieved party may seek judicial review.  See Saka v. Holder, 741 F.3d 244, 248-49 (1st Cir. 2013).  To that extent, then, we dismiss the petition for want of jurisdiction.

U.S.C. § 1252(b)(1). It follows inexorably that we lack jurisdiction to review that portion of the petitioner's challenge. See Hurtado, 810 F.3d at 93.

This leaves us with jurisdiction to review only the BIA's May 15, 2015 denial of the petitioner's motion for reconsideration. We review the denial of a motion to reconsider solely for abuse of discretion. See Martinez-Lopez v. Holder, 704 F.3d 169, 171 (1st Cir. 2013). Under this deferential approach, no abuse of discretion will ordinarily be found unless the "denial was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Id. at 172 (quoting Zhang, 348 F.3d at 293).

In this instance, the BIA denied the petitioner's motion to reconsider for two principal reasons. First, it reasoned that the petitioner's ineffective assistance of counsel claim failed because the petitioner had not complied with the Lozada requirements. Second, it pointed out that the motion to reconsider identified neither any error of law or fact in the underlying decision nor any argument that the BIA overlooked in reaching that decision. See 8 C.F.R. § 1003.2(b)(1); In re O-S-G, 24 I&N Dec. 56, 58 (BIA 2006).

Before us, the petitioner suggests that the BIA abused its discretion not only by requiring strict adherence to the demands of Lozada but also by failing to equitably toll the time

and number restrictions on motions to reopen.  Neither suggestion carries the day.

The first of these suggestions is simply unpersuasive. The petitioner does not dispute that he neglected to comply with the Lozada requirements.  Rather, he posits that the ineffective assistance of his counsel is "plain on the face of the administrative record," Escobar-Grijalva v. INS, 206 F.3d 1331, 1335 (9th Cir. 2000), thus entitling him to an exception to the Lozada requirements.  We have, however, explicitly disavowed any "plain on the face of the administrative record" exception in favor of a case-by-case assessment of whether the BIA's application of Lozada was arbitrary.  See Zeng v. Gonzales, 436 F.3d 26, 31 (1st Cir. 2006).

Contrary to the petitioner's importunings, our decision in Saakian v. INS, 252 F.3d 21, 26-27 (1st Cir. 2001), does not endorse a different rule.  Fairly read, Saakian stands for nothing more than the commonplace proposition that the BIA cannot arbitrarily apply the Lozada requirements.  See Tai v. Gonzales, 423 F.3d 1, 5-6 (1st Cir. 2005); Asaba v. Ashcroft, 377 F.3d 9, 11 (1st Cir. 2004).  That ends this aspect of the matter: since the petitioner's theory of legal error is foreclosed by circuit

precedent, the BIA perforce did not abuse its discretion in denying the motion for reconsideration on this ground.[4]

The petitioner's remaining argument — that the BIA abused its discretion by failing to treat his otherwise time and number barred second motion to reopen as if it were a timeous first attempt under the doctrine of equitable tolling — is a non-starter. Passing the question of whether equitable tolling is available at all in this context, see Omar v. Lynch, 814 F.3d 565, 568-69, 569 n.1 (1st Cir. 2016) (leaving question open); Muyubisnay-Cungachi v. Holder, 734 F.3d 66, 72 (1st Cir. 2013) (same), it is black-letter law that "arguments not raised before the BIA are waived due to a failure to exhaust administrative remedies." Shah v. Holder, 758 F.3d 32, 37 (1st Cir. 2014) (quoting Molina de Massenet v. Gonzales, 485 F.3d 661, 664 (1st Cir. 2007)). That rule applies four-square in this case: the petitioner did not make his equitable tolling argument before the BIA. Instead, the argument makes its debut in his briefing to this court. His failure to advance the argument below means that it is unexhausted and, thus, cannot be considered in this judicial review proceeding. See id.; see also

---

[4] We add that nothing in the record so much as hints that the BIA abused its discretion in insisting upon the applicability of the Lozada requirements here. In all events, we have consistently upheld BIA orders denying motions to reopen when — as in this case — the Lozada requirements have been flouted. See, e.g., Taveras-Duran v. Holder, 767 F.3d 120, 123-24 (1st Cir. 2014); Zeng, 436 F.3d at 31-32.

DaCosta v. Gonzales, 449 F.3d 45, 49-50 (1st Cir. 2006) (refusing to consider equitable tolling argument not raised before the BIA).

We need go no further. For the reasons elucidated above, we dismiss the petition for judicial review in part for want of jurisdiction and otherwise deny it.

**So Ordered.**