# United States Court of Appeals
## For the First Circuit

No. 18-2211

ROMILSON BATISTA FERREIRA,

Petitioner,

v.

WILLIAM P. BARR,
UNITED STATES ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Selya, and Kayatta,
Circuit Judges.

Todd C. Pomerleau, with whom Jeffrey B. Rubin and Rubin Pomerleau PC were on brief, for petitioner.
Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, with whom Joseph H. Hunt, Assistant Attorney General, Civil Division, and Brianne W. Cohen, Senior Litigation Counsel, Office of Immigration Litigation, were on brief, for respondent.

September 18, 2019

**SELYA**, **Circuit Judge**.  The petitioner, Romilson Batista Ferreira, is a Brazilian national.  He seeks judicial review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration court's order of removal and its concomitant denial of his application for cancellation of removal.  Finding no merit in the petitioner's asseverational array, we deny the petition.

Our standard of review in this realm is familiar.  We will uphold findings of fact in removal proceedings "as long as they are supported by substantial evidence on the record as a whole."  Pulisir v. Mukasey, 524 F.3d 302, 307 (1st Cir. 2008).  Legal conclusions, though, engender de novo review, "with some deference to the agency's reasonable interpretation of statutes and regulations that fall within its purview."  Id.

The petitioner's principal argument is that the Notice to Appear (NTA) that initiated his removal proceedings was defective under Pereira v. Sessions, 138 S. Ct. 2105 (2018), because it omitted the date and time of his initial removal hearing.  As a result of this defect, his thesis runs, the NTA was insufficient to vest the immigration court with jurisdiction over his removal proceedings and, thus, the removal order issued against him is without effect.

We recently rejected essentially the same argument in an opinion issued on September 6, 2019.  See Goncalves Pontes v. Barr,

- 2 -

___ F.3d ___ (1st Cir. 2019) [No. 19-1053].  No useful purpose would be served by repastinating soil already well-plowed.  For substantially the same reasons as were explicated in Goncalves Pontes, we hold that the petitioner's NTA was effective to commence removal proceedings in the immigration court, notwithstanding the absence of a date and time for his removal hearing.  Consequently, the petitioner's jurisdictional argument fails.

One loose end remains.  In addition to challenging the immigration court's jurisdiction, the petitioner also challenges the BIA's rejection of his claim for relief from removal premised upon the allegedly ineffective assistance afforded by his counsel.  This challenge need not detain us.

In his appeal to the BIA, the petitioner complained (for the first time) that his prior attorney rendered ineffective assistance by advising him not to testify before the immigration court and by failing to advise him to pursue lawful permanent residency through his U.S. citizen wife.  The BIA gave short shrift to these plaints, noting that the petitioner had not complied with the procedural requirements set forth in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988).  We discern no error.

We have recognized Lozada "as a leading case with respect to claims of ineffective assistance of counsel in the immigration context."  Pineda v. Whitaker, 908 F.3d 836, 839 n.2 (1st Cir. 2018); see, e.g., García v. Lynch, 821 F.3d 178, 180-81 (1st Cir.

2016); Orehhova v. Gonzales, 417 F.3d 48, 51-52 (1st Cir. 2005); Saakian v. INS, 252 F.3d 21, 25-27 (1st Cir. 2001). Under Lozada, a claim of ineffective assistance of counsel must be supported by:

> (1) an affidavit explaining the petitioner's agreement with counsel regarding legal representation; (2) evidence that counsel has been informed of the allegations of ineffective assistance and has had an opportunity to respond; and (3) if it is asserted that counsel's handling of the case involved a violation of ethical or legal responsibilities, a complaint against the attorney filed with disciplinary authorities or, in the alternative, an explanation for why such a complaint has not been filed.

Pineda, 908 F.3d at 839 n.2 (quoting García, 821 F.3d at 180 n.2); see Lozada, 19 I. & N. Dec. at 639.

Here, the petitioner admits that he did not comply with the Lozada requirements. He nonetheless assails the BIA's disposition of his ineffective assistance of counsel claim on two grounds. We briefly discuss each ground.

To begin, the petitioner seizes upon the BIA's reference in Lozada to a "motion to reopen or reconsider," 19 I. & N. Dec. at 637, and argues that the Lozada requirements do not apply to ineffective assistance claims broached for the first time on "direct appeal." This is whistling past the graveyard: as the BIA implicitly recognized, the petitioner's claim was (for present purposes) analogous to a motion to reopen the proceedings before the immigration court. Cf. Falae v. Gonzáles, 411 F.3d 11, 14

- 4 -

(1st Cir. 2005) (explaining that the BIA properly treated motion to remand as motion to reopen because the petitioner sought to return to immigration court to pursue adjustment of status). Here, moreover, the petitioner provides no plausible support for his self-serving assertion that Lozada should be limited to motions to reopen or reconsider.

If an unsuccessful petitioner wishes to bring forward an ineffective assistance claim on direct review rather than on a motion to reopen, there is no reason to allow him to forgo providing the BIA with the information that it needs to assess such a claim. The BIA has applied Lozada broadly to ineffective assistance claims of all stripes, including claims raised for the first time before the BIA. See, e.g., Pineda, 908 F.3d at 839. This is sound practice: the Lozada requirements are designed to give the BIA sufficient information to inform its decision without resorting to an evidentiary hearing. See Saakian, 252 F.3d at 26. Such a design operates with equal efficacy in any procedural posture in which an ineffective assistance of counsel claim may arise. We thus hold that the Lozada requirements apply four-square to the petitioner's ineffective assistance claim and that the BIA did not err in evaluating the petitioner's claim through the lens of those requirements.[1]

---

[1] We note in passing that the petitioner's reliance on the standard for ineffective assistance of counsel claims limned in

- 5 -

The remaining ground on which the petitioner relies is similarly unpersuasive. Citing BIA decisions in removal proceedings commenced outside the First Circuit, he contends that the allegedly ineffective assistance of his counsel was so egregious as to warrant a "plain on its face" exception to the Lozada requirements. This circuit, though, has disavowed any such blanket exception "in favor of a case-by-case assessment of whether the BIA's application of Lozada was arbitrary." García, 821 F.3d at 181. Following this approach, we have consistently upheld BIA denials of ineffective assistance of counsel claims where, as here, aliens have simply ignored the Lozada requirements without good cause. See, e.g., id. at 181 n.4.

The Lozada requirements are not perfect, but they create a useful framework for assessing the viability of most ineffective assistance of counsel claims. Given the petitioner's utter failure to so much as attempt to comply with any of the Lozada requirements either before the BIA or this court, there is no principled way to say that the BIA's rejection of his ineffective assistance claim

Strickland v. Washington, 466 U.S. 668 (1984), is misplaced. The Strickland standard derives from the Sixth Amendment and governs ineffective assistance claims in criminal cases. See id. at 684-85. Aliens are not entitled to the protections of the Sixth Amendment in removal proceedings. See Conteh v. Gonzales, 461 F.3d 45, 55 (1st Cir. 2006). Instead, claims of ineffective assistance in removal proceedings implicate the Due Process Clause of the Fifth Amendment. See Guerrero-Santana v. Gonzales, 499 F.3d 90, 93 (1st Cir. 2007).

was arbitrary. This is particularly true in light of the petitioner's failure to offer anything resembling a plausible explanation for his failure to satisfy the <u>Lozada</u> requirements.

We need go no further. For the reasons elucidated above, the petition for judicial review is

**<u>Denied</u>.**