# United States Court of Appeals
## For the First Circuit

No. 22-1778

MYNOR ISAIAS YOC ESTEBAN,

Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Barron, <u>Chief Judge</u>,
Lynch and Montecalvo, <u>Circuit Judges</u>.

<u>Daniel T. Welch</u> on brief for petitioner.
<u>Brian M. Boynton</u>, Principal Deputy Assistant Attorney
General, Civil Division, <u>Shelley R. Goad</u>, Assistant Director,
Office of Immigration Litigation, and <u>Jennifer A. Singer</u>, Trial
Attorney, U.S. Department of Justice, Civil Division, Office of
Immigration Litigation, on brief for respondent.

August 7, 2023

**LYNCH**, **Circuit Judge**.    Mynor  Isaias  Yoc  Esteban petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen proceedings under 8 U.S.C. § 1229a(c)(7).  We deny the petition.

## I.

Yoc  Esteban,  a  native  and  citizen  of  Guatemala, unlawfully entered the United States in 2014 at age 19.  He was served with a notice to appear in immigration court, charging him as  removable  pursuant  to  section  212(a)(6)(A)(i)  of  the Immigration   and   Nationality   Act   ("INA"),   8   U.S.C. § 1182(a)(6)(A)(i), for being present in the United States without having been admitted.  He conceded the charge of removability, and sought  asylum,  claiming  persecution  based  on  membership  in  a particular  social  group  ("PSG").[1]   The  immigration  judge  ("IJ") issued a pretrial order on February 22, 2017, requesting that Yoc Esteban  specify  the  PSG  in  which  he  claimed  membership.   Yoc Esteban,  through  counsel,  did  not  delineate  for  the  record  any

---

[1]     When he first crossed into the United States, Yoc Esteban represented  himself  to  be  17  years  old  and  was  deemed  an unaccompanied minor under the jurisdiction of the United States Citizenship and Immigration Services ("USCIS").  See 8 U.S.C. § 1158(b)(3)(C).   On May 15, 2015, USCIS determined that Yoc Esteban failed to establish asylum eligibility and returned his application for asylum to the immigration judge ("IJ") for further adjudication.  Yoc Esteban updated his asylum application when his matter was returned to the immigration judge.

proposed PSG. Nor did Yoc Esteban request withholding of removal or protection under the Convention Against Torture ("CAT").

On May 15, 2019, the IJ heard testimony from Yoc Esteban. He testified to the following: that he came to the United States "because [he] was . . . persecuted by three [delinquents] [who] sold drugs and . . . wanted [him] to work with them"; that the three "delinquents" gave him "a package of drugs to be transferred to another group"; that he completed one delivery because "[he] was afraid" and "felt [his] life was at risk"; that he told his father about the packages, and his father threw out the remaining packages and told Yoc Esteban to stop working with the "delinquents"; that the "delinquents" then threatened Yoc Esteban's life and threatened to harm his family on multiple occasions; and that he feared that "[he] would be persecuted again" if he returned to Guatemala.

The IJ issued an oral decision that same day, denying Yoc Esteban's asylum application because he failed to establish that he was targeted based on a protected ground (i.e., based on his membership in a PSG). The IJ ordered him removed to Guatemala.

Yoc Esteban appealed, and on February 11, 2021, the BIA affirmed the IJ's determination that Yoc Esteban did not meet his burden to prove eligibility for asylum. The BIA did not address Yoc Esteban's attempts to assert new PSGs on appeal because Yoc Esteban did not explain why the PSGs were not raised before the IJ

and Yoc Esteban was represented by the same counsel before the IJ and BIA. The BIA also denied Yoc Esteban's request to remand the case to the IJ so that he could provide additional evidence to demonstrate his eligibility for asylum and withholding of removal.

On July 28, 2021, Yoc Esteban -- represented by new counsel -- filed an untimely motion to reopen on the basis that the applicable time limit should be equitably tolled because he received ineffective assistance of counsel. Yoc Esteban argued that his prior counsel was ineffective because she failed: to comply with the IJ's order to delineate a PSG, which was fatal to Yoc Esteban's claim; to amend Yoc Esteban's pleadings to include an application for withholding of removal under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and under the regulations implementing CAT; and to sufficiently represent Yoc Esteban on direct examination.

On October 5, 2022, the BIA denied his motion on the stated grounds that (1) it was untimely filed more than 90 days after the final administrative order on February 11, 2021, and (2) Yoc Esteban failed to demonstrate prejudice from his counsel's actions or omissions and so (3) he could not establish ineffective assistance of counsel and (4) in consequence, his argument for equitable tolling of his late-filed petition failed. The BIA emphasized that even in his motion to reopen, Yoc Esteban did not "identif[y] what [PSG] should have been raised" before the IJ, "offer further evidence or otherwise argue his eligibility for

- 4 -

withholding of removal or protection under CAT," or "articulate what additional testimony he would have provided to support his claim, if not for prior counsel's 'cursory' direct examination."

## II.

Motions to reopen, especially untimely ones, are "disfavored" in immigration cases because they "run at cross-purposes with 'the compelling public interests in finality and the expeditious processing of proceedings.'" Pineda v. Whitaker, 908 F.3d 836, 840 (1st Cir. 2018) (quoting Guerrero-Santana v. Gonzales, 499 F.3d 90, 92 (1st Cir. 2007)). We review the BIA's denial of the motion to reopen for abuse of discretion. See Laparra-Deleon v. Garland, 52 F.4th 514, 519 (1st Cir. 2022). This court accords "considerable deference to the BIA's decision on a motion to reopen." Guerrero-Santana, 499 F.3d at 92. "[W]e uphold findings of fact about ineffective assistance 'as long as they are supported by substantial evidence on the record as a whole.'" United States v. Castillo-Martinez, 16 F.4th 906, 917 (1st Cir. 2021) (quoting Ferreira v. Barr, 939 F.3d 44, 45 (1st Cir. 2019)). "We will uphold the BIA's decision unless the petitioner can show that the BIA either committed a material error of law or exercised its authority arbitrarily, capriciously, or irrationally." Pineda, 908 F.3d at 840.

Yoc Esteban argues that the BIA abused its discretion when it denied his motion to reopen. A "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions not relevant to this appeal. 8 U.S.C. § 1229a(c)(7)(C)(i). The BIA entered its final order of removal on February 11, 2021, and Yoc Esteban filed his motion to reopen on July 28, 2021. Because his motion to reopen was untimely, Yoc Esteban argues that the BIA should have equitably tolled the deadline to file his motion to reopen due to ineffective assistance of counsel. See Pineda, 908 F.3d at 840-41; Neves v. Holder, 613 F.3d 30, 36 (1st Cir. 2010) (explaining equitable tolling as "extend[ing] statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own"). We note at the outset that "'whether equitable tolling can suspend the time limits applicable to motions to reopen' is an open question in the First Circuit." Pineda, 908 F.3d at 841 (quoting Wang v. Holder, 750 F.3d 87, 90 (1st Cir. 2014)). We need not answer that question here because Yoc Esteban's arguments for equitable tolling plainly fail.

A noncitizen raising an ineffective assistance of counsel claim through a motion to reopen must comply with certain procedural requirements. See Castillo-Martinez, 16 F.4th at 916.

"Once the procedural requirements are satisfied, the BIA reviews ineffective assistance claims for two substantive requirements: (1) immigration counsel's performance was deficient; and (2) immigration counsel's performance caused prejudice to the client." Id. at 917; see Matter of Melgar, 28 I. & N. Dec. 169, 171 (B.I.A. 2020). The BIA concluded that Yoc Esteban met the procedural requirements, so the BIA's analysis of his motion turned on whether he could show prejudice, bypassing the first substantive requirement. To do so, he had to prove a "reasonable probability" that but for counsel's errors, the outcome of the proceedings would have been different. Zeru v. Gonzales, 503 F.3d 59, 72 (1st Cir. 2007).

Yoc Esteban argues to us that he has proven prejudice by establishing that "[h]ad [his] [o]riginal [c]ounsel delineated a [PSG] in the pre-trial statement, developed the record[,] and argued said social group at the hearing[, he] would have had a realistic chance or a reasonable probability of prevailing on his application for asylum"; that his original counsel's failure to apply for withholding of removal and CAT protection "is a due process violation and requires remand"; and that his original counsel's "direct examination was so cursory that [he] was unable to give his entire account of what happened to him in [Guatemala]." The BIA considered and rejected every argument that Yoc Esteban raised in his motion to reopen.

We hold that the BIA did not abuse its discretion in determining that Yoc Esteban was ineligible for equitable tolling because he failed to establish prejudice.

First, as the BIA noted, Yoc Esteban's motion to reopen failed to identify the PSG(s) his original counsel should have raised before the IJ, thus making it difficult for the BIA to determine the impact on the proceedings of his original counsel's failure to provide further evidence that could have supported a cognizable PSG. On appeal, Yoc Esteban provides examples of PSGs that he "could have fit into had the record been developed by competent counsel," including "Guatemalan minor witness to a crime," "Guatemalan minor forced to smuggle drugs for criminal organization," "Guatemalan youth actively recruited by gangs but who have refused to join because they oppose gangs," and his "nuclear family." Setting aside whether any of these PSGs are legally cognizable, Yoc Esteban did not present these potential PSGs to the BIA, see id. at 71 ("A motion to reopen proceedings before the BIA must state 'new facts that will be proven at a hearing to be held if the motion is granted.'") (emphasis added) (quoting 8 C.F.R. § 1003.2(c)(1)), and he cannot rely on them now as the basis of his argument that the BIA abused its discretion. Yoc Esteban further contends that the BIA erred by not addressing the facts in the record. But he develops no argument as to why

those facts would support finding either a cognizable PSG or a nexus between that PSG and the conduct alleged.

Further, the BIA did not abuse its discretion in determining that Yoc Esteban's claim that he is prima facie eligible for withholding of removal and CAT protection was insufficient to establish prejudice. Yoc Esteban argues he is prima facie eligible on these two grounds because "[t]here is no legal or strategical reason to only apply for [a]sylum" and that is why the "I-589 application encompasses all three forms of relief in one application." This general argument makes no reference to Yoc Esteban's specific circumstances and fails to point to evidence in the record or offer new evidence to support this claim.

Finally, the BIA properly reasoned that Yoc Esteban failed to establish prejudice because he could not articulate what additional testimony he would have provided if not for his original counsel's alleged deficiencies. See Franco-Ardon v. Barr, 922 F.3d 23, 25 (1st Cir. 2019) (finding no prejudice where the noncitizen failed to identify anything in the record to demonstrate a likelihood of success in his original case apart from his "conclusory" assertions that "he had meritorious issues to raise in that earlier" case).

We conclude that the BIA neither committed a material error of law nor acted arbitrarily, capriciously, or irrationally. The BIA did not abuse its discretion in denying Yoc Esteban's

untimely motion to reopen and declining to equitably toll the deadline.

The petition is **<u>denied</u>**.